GOVERNMENT OF the VIRGIN IS-LANDS, DEPARTMENT OF CONSER-VATION AND CULTURAL AFFAIRS, Appellant,

v.

VIRGIN ISLANDS PAVING, INC. and St. Thomas Quarries, Inc.

No. 82–3408.

United States Court of Appeals, Third Circuit.

Argued April 26, 1983.

Decided Aug. 1, 1983.

J'Ada M. Finch-Sheen, Atty. Gen., Susan Bruch (argued), Marcia Sherman, Asst. Attys. Gen., Dept. of Law, St. Thomas, U.S. V.I., for appellant.

Todd H. Newman (argued), Nichols & Newman, Christiansted, V.I., for appellees.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal by the Government of the Virgin Islands from an order of the District Court of the Virgin Islands denying the government's motion to preliminarily enjoin alleged violations of Virgin Islands land use and environmental laws. We conclude that the court below employed an improper standard in denying the request for preliminary relief, and therefore remand.

This action was brought by the Government of the Virgin Islands in the District Court of the Virgin Islands against defendants, Virgin Islands Paving, Inc. and St.

Thomas Quarries, Inc. The complaint alleged that defendants were conducting quarrying and crushing operations on Haypiece Hill, in a first-tier coastal zone of St. Thomas, in violation of the applicable zoning laws; that defendants had failed to obtain the necessary Air Pollution Control permit required under 12 V.I.R. & Regs. tit. 12, § 206–20 before construction or use of any equipment or contrivance which may cause the issuance of air contaminants; and that defendants had failed to obtain a Coastal Zone Management (CZM) permit required by 12 V.I.C. § 910(a)(1) before performing or undertaking any development in the first-tier of the coastal zone. The complaint sought preliminary and permanent injunctive relief and the imposition of civil fines.

At a hearing on the government's request for a preliminary injunction the defendants conceded the operation but claimed they were excused from the requirements of the statutes on various factual and legal grounds. The district court, holding that these defenses presented complex issues of law and fact, denied the motion for a preliminary injunction on the grounds, *inter alia,* that the government had failed to demonstrate the threat of irreparable harm, a likelihood of success on the merits, and that it lacked an adequate remedy at law. The government moved for reconsideration, arguing that the court should have determined the issue of preliminary injunctive relief on the basis of the statutory standard contained in the Virgin Islands Coastal Zone Management Act of 1978, § 1, 12 V.I.C. § 913(b)(1), which provides for such relief upon a "prima facie showing of a violation." The court denied the government's motion, and the government appeals.

We consider first defendants' contention that this case is now moot. The government concedes that the portion of the complaint claiming that defendants' activities were not permitted uses under the applicable zoning classification is now moot, because the Virgin Islands Legislature has rezoned the property to permit defendants' quarrying and crushing activities. Act of July 27, 1982, No. 4737. However, the validity of defendants' excuses for their failure to obtain the air pollution permit and CZM permit remains in issue. At oral argument, defendants asserted mootness as to the permits as well on the ground that defendants have moved their crushing equipment out of the Virgin Islands and have ceased crushing and quarrying operations on the property.

Obviously this circumstance is not enough to establish mootness of the entire case. If so, any defendant could establish its operation without securing the necessary permits and, if nimble enough to keep a step ahead of the government and affluent enough to tie it up in litigation until it has accomplished its purpose, avoid the consequences. Under the CZM Act, reasonable conditions may be imposed for the grant of a permit. Had defendants applied for the permit, they might have been requested or required to take some action to remedy what the complaint alleges has been their destruction and removal of Haypiece Hill. Were this case moot because defendants are no longer actively violating the statutes, the government would often be powerless to prevent the very harm to which the statutes are directed.[1] Mootness of the case is further negated by the fact that the complaint requests that defendants pay the civil fines as authorized by the Coastal Zone Management Act for intentionally and knowingly performing any development in violation of the Act.[2]

---

1. It appears that removal of the equipment was precipitated only by notification from the Environmental Protection Agency that defendants were violating federal law through their continued violation of the local statutes.

2. The Act provides for a civil fine of $1,000 to $10,000 per day for each day during which such violation occurs. 12 V.I.C. § 913(c)(3). The government apparently did not invoke the other provisions for civil fine, that under the CZM Act providing for a civil fine up to $10,000, 12 V.I.C. § 913(c)(1), and that under the Air Pollution Control Act, 12 V.I.C. § 215(a), providing for maximum fines of $1,000 for each day of violation.

Finally, if defendants' suggestion of mootness is directed only to the preliminary injunction proceeding, we deem it significant, as counsel conceded, that defendants have not surrendered the lease to the property in question, and thus they could resume the challenged operations at any time. Since, therefore, there is " 'a reasonable likelihood that the parties or those in privity with them will be involved in a suit on the same issues in the future,' " *Washington Steel Corp. v. TW Corp.,* 602 F.2d 594, 599 (3d Cir.1979) (quoting *American Bible Society v. Blount,* 446 F.2d 588, 595 (3d Cir. 1971)), neither this case nor this aspect is moot.

We turn to the central question presented in this appeal: whether the district court properly determined the standard for preliminary injunctive relief to be used in actions by the Government of the Virgin Islands to enforce land use and environmental controls under the Coastal Zone Management Act of 1978 and the Air Pollution Control Act. In denying the preliminary injunction, the district court viewed the "prima facie showing" standard for preliminary equitable relief in the CZM Act as irreconcilable with that traditionally applied by federal courts for preliminary injunctive relief under Fed.R.Civ.P. 65(a). Although that rule specifies no particular standard, federal courts have fashioned a standard based on traditional equity practice, as follows:

> To support a preliminary injunction, the moving party must demonstrate that irreparable injury will occur if relief is not granted to maintain the status quo until a final adjudication ... and that there is a reasonable probability of eventual success on the merits. In addition, the court must weigh the possibility of harm to the nonmoving party as well as to any other interested persons and, when relevant, harm to the public.

*Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 356–57 (3d Cir.1980) (footnote omitted).

The district court concluded that this standard, rather than the standard embod-ied in 12 V.I.C. § 913(b)(1), should govern this action for several reasons. First, it stated that since "it has been held that an important federal policy is involved when a person seeks [a preliminary injunction] in a federal court ..., federal, rather than state law, should apply." Second, it concluded that "[b]ecause the standard for determining whether to grant a preliminary injunction has been traditionally deemed to be procedural, not substantive, the federal standard is controlling." Finally, the court observed that "the application of the federal rule will not impair any 'state' interests of the Virgin Islands or impair the goals of any right created under the Act, insofar as orders under Rule 65 are only temporary and plaintiff's rights under the Act will be adjudicated in accordance with Virgin Islands substantive law."

We need not decide whether the traditional standard for preliminary injunctive relief generally followed in federal courts or that set forth in a Virgin Islands statute would apply were they, in fact, irreconcilable. We note, however, that the procedural-substantive dichotomy referred to by the district court relates only to United States District Courts sitting in diversity. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this case, the complaint invoked the jurisdiction of the district court pursuant to 4 V.I.C. § 32 and 12 V.I.C. § 913(b)(7). *In Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057 (3d Cir.1982), we said:

> Under the Revised Organic Act, Congress has given the District Court of the Virgin Islands, in addition to its federal question jurisdiction, "general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by [the Revised Organic Act] upon the inferior courts of the Virgin Islands." 48 U.S.C. § 1612. In that sense, it is more like a state court of general jurisdiction than a United States district court.

*Id.* When, as in this case, suit is brought in the District Court of the Virgin Islands to

enforce provisions of Virgin Islands law, that court sits essentially as a local court.

It is, of course, true that under the express terms of the Revised Organic Act, 48 U.S.C. § 1615, the Federal Rules of Civil Procedure are made applicable to the District Court of the Virgin Islands. This, however, does not mean that local interests cannot be considered in evaluating the factor of irreparable harm and weighing the relevant interests for purposes of preliminary equitable relief under Fed.R.Civ.P. 65.

As the district court acknowledged and as our precedent provides, in considering a request for a preliminary injunction the court must consider the public interest, when relevant. Nonetheless in this case, the court did not treat the Virgin Islands statutes as reflecting the public interest. On the contrary, the district court held that no "state" interests of the Virgin Islands would be impaired. We conclude that in this respect the district court erred as a matter of law.

The enactment of a comprehensive regulatory scheme is a reflection of the Legislature's view of the importance of the interests at stake. Both statutes involved, the Air Pollution Control Act and the Coastal Zone Management Act, contain explicit findings and statements with regard to the problems sought to be addressed and the importance of the regulations to the health and overall quality of the environment of the Virgin Islands. The CZM Act declares the Legislature's conclusion that "the coastal zone, and the lands and waters thereof, constitute a distinct and valuable natural resource of vital importance to the people and economy of the Virgin Islands," and that "the protection of the natural and scenic resources of the coastal zone is of vital concern to present and future residents of the Virgin Islands." 12 V.I.C. § 903(a)(1)–(2). Similarly, the Air Pollution Control Act provides that "the pollution of the atmosphere about the Virgin Islands constitutes a menace to public health and welfare, creates public nuisances, and is harmful to plant and animal life and to property." 12 V.I.C. § 201.

Nor is the irreparable harm factor a significant hurdle to a preliminary injunction in most statutory violation cases. In its complaint, the government alleged irreparable harm "because the hillside at Haypiece Hill is being destroyed and removed" and "[n]o control devices are being used, resulting in erosion, silting, sedimentation, water pollution and air pollution."

■ Numerous cases support the Government of the Virgin Islands' assertion that when a statute contains, either explicitly or implicitly, a finding that violations will harm the public, the courts may grant preliminary equitable relief on a showing of a statutory violation without requiring any additional showing of irreparable harm. *See, e.g., SEC v. Management Dynamics, Inc.,* 515 F.2d 801, 808–09 (2d Cir.1975) (proof of irreparable injury or the inadequacy of other remedies not required); *United States v. Sene X Eleemosynary Corp.,* 479 F.Supp. 970, 980–81 (S.D.Fla. 1979). We held in *United States Postal Service v. Beamish,* 466 F.2d 804 (3d Cir. 1972), that a statutory provision authorizing preliminary injunctive relief upon a showing of probable cause to believe that the statute is being violated may be considered a substitute for a finding of irreparable harm for purposes of a preliminary injunction issued under Rule 65. We see no reason for the District Court of the Virgin Islands not to apply the same approach when ruling on a motion for preliminary injunction under a similarly significant local statute, particularly when the court's jurisdiction has been invoked under local law.

We do not suggest that the district court does not retain discretion as to whether a preliminary injunction should issue. However, such discretion can be prudently exercised only after the relevant factors have been evaluated. In this case, one of the most significant factors to be considered is the public interest which underlies the Air Pollution Control and Coastal Zone Management Acts.

Accordingly, we will remand this matter to the district court for further proceedings consistent with this opinion.[3]

---

**3.** Although the alleged changed circumstances have not mooted this case or this appeal, upon remand they may be considered when the district court exercises its discretion in ruling on the motion.