LaVALLEE NORTHSIDE CIVIC ASSOCIATION and LaVALLEE VILLAGE DEVELOPMENT ASSOCIATION, INC., Plaintiffs

v.

VIRGIN ISLANDS COASTAL ZONE MANAGEMENT COMMISSION, ST. CROIX COMMITTEE OF THE VIRGIN ISLANDS COASTAL ZONE MANAGEMENT COMMISSION, and REFLECTION BAY JOINT VENTURE, Defendants

Civil No. 1988/007

District Court of the Virgin Islands

Div. of St. Croix

March 10, 1988

RICHARD AUSTIN, ESQ. (LEGAL SERVICES OF THE VIRGIN ISLANDS), St. Croix, V.I., *for plaintiff, LaVallee Village Development Association, Inc.*

BRUCE Z. MARSHACK, ESQ. (LAW OFFICES OF BRITAIN H. BRYANT), St. Croix, V.I., *for plaintiff, LaVallee Northside Civic Association*

WINSTON A. HODGE, ESQ. (LAW OFFICES OF WINSTON A. HODGE), St. Croix, V.I., *for defendant, Reflection Bay Joint Venture*

RONALD W. BELFON, ESQ., St. Thomas, V.I., *for defendants, Virgin Islands Coastal Zone Management Committee and Coastal Zone Management Commission*

O'BRIEN, *District Judge*

## MEMORANDUM AND ORDER

The question before us is whether this Court has jurisdiction to entertain an action for declaratory judgment alleging substantive and procedural due process violations, where the plaintiffs have not exhausted statutory administrative remedies. We answer in the negative and dismiss for lack of subject matter jurisdiction.[1]

### I. FACTS

Antilles Investment Corporation ("Antilles") applied to the Virgin Islands Coastal Zone Management Commission ("CZM")[2] for a major coastal zone permit ("permit") to construct one hundred twenty-one (121) condominium units and various structures at Plots Nos. 70-70B, Estate Cane Bay, LaVallee, Northside "B" Quarter,

---

[1] At oral argument we suggested that because affidavits had been submitted in support and opposition to the motion to dismiss, we might likely convert the matter to one for summary judgment in accordance with Fed. R. Civ. P. 12 and 56. Since our conclusion does not reach the merits, we consider only the allegations in the complaint and amended complaint.

[2] Chapter 21 of the Virgin Islands Code sets out the Coastal Zone Management Act ("Act") 12 V.I.C. § 901 et seq. Section 904 creates CZM and sets out its working structure. For example, subsection 904(g) grants CZM rule making authority.

St. Croix. We will refer to this area by its local name, Reflection Bay.

CZM is the statutorily created body with the authority to issue development permits[3] within the Virgin Islands coastal zone.[4] It held a public hearing as required by law on August 13, 1987 on the question of granting the application.[5] The plaintiffs, LaVallee Northside Civic Association, and LaVallee Village Development Association, Inc., appeared through their respective members and officers testified in opposition to the application, and wrote subsequent letters of opposition.[6]

---

[3] 12 V.I.C. § 910(a) reflects this authority:

(a) When required, terms and conditions

(1) On or after the effective date of this chapter, any person wishing to perform or undertake any development in the first tier of the coastal zone, except as provided in subsection (b) of this section, shall obtain a coastal zone permit in addition to obtaining any other permit required by law from any public agency prior to performing or undertaking any development.

(2) A permit shall be granted for a development if the appropriate Committee of the Commission or the Commissioner, whichever is applicable, finds that (A) the development is consistent with the basic goals, policies and standards provided in sections 903 and 906 of this chapter; and (B) the development as finally proposed incorporates to the maximum extent feasible mitigation measures to substantially lessen or eliminate any and all adverse environmental impacts of the development; otherwise the permit application shall be denied. The applicant shall have the burden of proof to demonstrate compliance with these requirements.

[4] 12 V.I.C. § 902(g) defines coastal zone as:

. . . all land and water areas of the Territory of the Virgin Islands extending to the outer limits of the territorial sea, specified on the maps identified in section 908, subsection (a) of this chapter, and is composed of two parts, a first tier and a second tier.

We are concerned with the first tier in this case which is defined by subsection 902(r) as:

. . . that area extending landward from the outer limit of the territorial sea, including all offshore islands and cays, to distances inland as specified in the maps incorporated by reference in section 908, subsection (a) of this chapter.

[5] 12 V.I.C. § 910(d)(2) states:

Upon determination by the Commissioner that an application for a major .coastal zone permit is complete, the Commissioner shall promptly transmit a copy thereof to all relevant public agencies for review and comment within thirty days of the receipt thereof, and shall schedule a public hearing to be conducted by the appropriate Committee of the Commission on such application, said hearing to be held within sixty days of the receipt of such completed application.

[6] The standing of the plaintiff organizations to bring this suit has not been challenged. We choose not to reach it given our conclusion. However, we note that LaVallee Northside Development Association, Inc., is alleged to be a nonprofit corporation. Thus, pursuant to 13 V.I.C. § 495 it apparently may maintain this suit.

Despite the plaintiffs' objections, by letter dated September 29, 1987, CZM notified Antilles that the application had been approved with certain conditions as of September 17, 1987. Allegedly no such written notification was transmitted to the plaintiffs.

Thereafter, Antilles sought "modifications" from CZM by letter dated October 9, 1987. This request was granted by CZM in writing on November 20, 1987. Neither the notification of the proposed modifications or the approval thereof was transmitted in writing to the plaintiffs.

The plaintiffs never appealed CZM's decision to the Virgin Islands Board of Land Use Appeal ("Board"). Rather, they instituted this direct action against CZM alleging that CZM's failure to provide them with notice of its decision violated their procedural due process rights to an appeal since by the time they received actual notice of CZM's decision, the appeal time had ostensibly run. In their amended complaint in which they also named as a defendant, Reflection Bay Joint Venture ("RBJV"), successor in interest to Antilles, the plaintiffs allege substantive violations of the Act. In so doing, they claim equal protection and substantive due process rights.[7]

In this motion to dismiss, CZM and RBJV argue that this Court lacks subject matter jurisdiction to hear this case. Because we agree that the proper way for these issues to come before us is through the administrative appeal process, we dismiss.

## II. DISCUSSION

Section 913 of the Act provides two methods of judicial review of matters arising under the auspices of the Act's provision. Subsection (b) of that section allows any person[8] to maintain an action for declaratory or equitable relief to restrain violations of the chapter.[9] Subsection (d) provides for a writ of review made pursuant to 5 V.I.C. App. V, R. 11 from this Court and prosecuted

---

[7] The plaintiffs cite the 5th and 14th amendments to the United States Constitution. However, we note that the 5th amendment refers to Congress, and the 14th amendment refers to the states. The plaintiffs' due process and equal protection rights in this case arise from the Revised Organic Act of 1954. 48 U.S.C.A. § 1561 (Supp. 1987).

[8] Person is defined by the Act in 12 V.I.C. § 902(v). The plaintiffs are persons in this vein.

[9] See 12 V.I.C. § 913(b)(1).

by "any person aggrieved by the granting . . . of an application for a coastal zone permit . . . ." so long as administrative remedies have been exhausted.[10]

Section 914 sets out the administrative appeal process. It allows any person aggrieved to file an appeal of an action taken by CZM to the Board "within forty-five days thereof."[11] The Act defines an aggrieved person to mean:

> . . . any person, including the applicant, who, in connection with a decision or action of the Commission [CZM] on an application or through representatives at a public hearing of the [CZM] on said application, or prior to said decision or action informed [CZM] in writing of the nature of his concern . . . .

12 V.I.C. § 902(a).

There is no doubt that because the plaintiffs testified at the hearing they are "aggrieved persons" capable of maintaining an appeal of CZM's decision to the Board and thereafter, if unsuccessful, a petition for a writ of review in this Court. Moreover, they are certainly persons capable of maintaining an action for declaratory relief pursuant to 913(b)(1).

However, the fact they have standing to seek redress does not grant this Court jurisdiction to hear the substance of their allegations. The Act provides two distinct judicial remedies, and we do not read them as coextensive. To do so would be to make the one superfluous at the expense of the other. See Sutton v. United States, 819 F.2d 1289, 1295 (5th Cir. 1987) (citation and quotations omitted) (statute will not be construed in such a way to render certain provisions superfluous or insignificant); Pomper v. Thompson, 836 F.2d 131, 134 (3d Cir. 1987) (court's duty is to give effect if possible, to every clause and word of statute).

■ Rather, it is clear to us that the administrative appeals process is intended to be the means of review of actions taken by CZM with regard to the granting or denial of a permit. This allows the question of the Board's subject matter jurisdiction to hear the appeal, e.g., timeliness of the appeal, to first be resolved by the Board. See Imperial Carpet Mills v. Consumer Prod. Safety Com'n, 634 F.2d 871, 874 (5th Cir. 1981) (citation omitted) (question of an

[10] See 12 V.I.C. § 913(d).
[11] See 12 V.I.C. § 914(a).

agency's jurisdiction should initially be determined by the agency). Our review of the Board's decision comes, thereafter, via a petition for a writ of review.

We reach this conclusion because § 914(a) speaks of an aggrieved person taking an appeal of a decision of the CZM. In addition, § 913(d) refers to a writ of review of the granting or denial of an application for a coastal zone permit. It is clear that the legislature intended this administrative process to be a method of review of such CZM decisions.

The plaintiffs' attempt to invoke the jurisdiction of this Court pursuant to § 913(b)(1) by casting this action as one for redress of due process rights, be they substantive or procedural. In reality, however, their complaint attacks the negligent application of the Act's provisions by the CZM, although the complaint speaks in terms of arbitrary action. This is certainly within the expertise of the Board and must first be addressed by that body as the Act requires. For us to accept jurisdiction directly amounts to a collateral attack, and would make the Board's existence useless. Any person who believed that CZM failed to apply the Act's policy considerations appropriately could bypass the Board and come immediately to this Court. This would displace the Board's function as an expert appellate panel in this area, and would unduly clog this Court with premature challenges of essentially administrative rulings.

More importantly, since there is no limitation provision under § 913(b)(1), any person could inhibit coastal zone development for years after a permit had been approved. This would be the case even after permitted development commenced, merely because such person believed that CZM had erred substantively. We do not believe that the legislature intended such impractical results, or would sanction such expenditures of vast economic and judicial resources. The Act clearly intended prompt substantive review of CZM's actions by an expert Board followed by the appropriate review by this Court on a petition for a writ, so that coastal zone development would not be delayed over the extended period of a

411

protracted litigation. To us this makes clear sense.[12] Chief Judge Christian ruled similarly in Atlas Motor Ins. Inc. v. Hachette, Civ. No. 80-12, 1980 St. T. Supp. 144 (D.V.I. May 23, 1980) (an aggrieved party from a CZM action must exhaust administrative remedies before instituting an action in District Court), and we merely join him today.[13]

■ This resolution does not require us to reach the issue of what actions are cognizable under § 913(b)(1). We agree with the statement of counsel for CZM at oral argument that § 913(a)(1) at least goes to actions to restrain coastal zone development made in violation of a permit or development done without a permit. See, e. g., Govt. of the Virgin Islands, Dept. of Conservation and Cultural Affairs v. Virgin Islands Paving, Inc., 714 F.2d 283 (3d Cir. 1983). Moreover, a 913(b)(2) suit will likely lie where the Act does not provide for administrative review of the action complained of. In this case, plaintiffs' claims are clearly appropriate for administrative review.

## III. CONCLUSION

■ This case touches upon deeply rooted desires of Virgin Islands residents to maintain the natural beauty of our islands. We laud these interests and commend their forceful presentation. However, bypassing the appeals process is not justified where the rule of law requires that procedures be maintained. These protections benefit the plaintiffs in the long run no less than anyone

---

[12] Where exhaustion of administrative remedies is required by statute, we have no discretion but to apply the doctrine. Heywood v. Cruzan Motors, Inc., 792 F.2d 367, 370 (3d Cir. 1986) This despite the fact that if the appeal time has lapsed through no fault of the petitioner, jurisdiction will not lie. Pomper, 836 F.2d at 134.

[13] Plaintiffs' attempt to invoke our federal question jurisdiction by alleging due process violations will not succeed here because it is made solely to invoke our review. Their claim in its substance is one for violations of local law. Bell v. Hood, 327 U.S. 678, 682–83 (1946). To the extent procedural due process concerns are implicated in such cases, the better course is for us to review the issue on appeal from the Board, so that if we conclude that the appeal rights were unconstitutionally denied, we may simply remand to the Board for its substantive consideration. To the extent the plaintiffs have never sought an appeal to date in this case, the procedural due process question is not ripe. Indeed, in this regard, since the appeal time may have run even from the time the plaintiffs had actual notice of CZM's actions, their inaction may be fatal. In any case, an agency's finding of fact and conclusions of law will aid review.

else.[14] Because we hold that the acts complained of are to be initially submitted to administrative appellate review, we are compelled to dismiss.[15]

## ORDER

THIS MATTER is before the Court on motion of the defendants to dismiss. Having filed an opinion of even date herewith and the premises considered, now therefore it is

ORDERED:

THAT the defendants' motions to dismiss are GRANTED; and further

---

[14] Assuming for the moment that the plaintiffs possess a property interest for purposes of due process analysis (a view we take skeptically), it is clear that due process does not always demand a right of an appeal from an agency decision, where due process was afforded in the underlying hearing. See, e.g., Heirs of Norman Garvey v. Sion Farm Esso Service Center, 838 F.2d 98, No. 87-3250, Slip. Op. at 5-6 (3d Cir. February 1, 1988). This is because the question what process is due has a flexible answer depending upon what the particular circumstances require. United States v. Belker, 757 F.2d 1390, 1337 (3d Cir. 1985). The Court is to consider the private interests that will be affected, the risk of erroneous deprivation through the procedure used, the value of additional safeguards. Walters v. National Ass'n of Radiation Survivors, 473 U.S. 305, 105 S.Ct. 3180, 3189 (1985). However, so long as a state provides reasonable remedies to rectify legal errors committed by a local administrative body, due process is not implicated, and it is of no import that a plaintiff waived those remedies by inaction. Cohen v. City of Philadelphia, 736 F.2d 81, 86-87 (3d Cir.), cert. denied, 469 U.S. 1019 (1984).

In pointing this out, we note that Chongris v. Board of Appeal of Town of Andover, 811 F.2d 36, 40-41 (1st Cir. 1982), cert. denied, 483 U.S. 1021, 22 107 S.Ct. 3266 (1987) appears to speak to the plaintiffs' procedural due process question, while Bello v. Walker, 840 F.2d 1124, Nos. 87-3504, 87-3505 Slip. Op. at 3-11 (3d Cir. March 1, 1988) sheds light on their equal protection and substantive due process claims.

[15] We recognize that the plaintiffs' substantive due process claims implicates our federal question jurisdiction. However, as we read their complaint, the plaintiffs' allegations tend to more closely suggest negligent performance of CZM's responsibilities, rather than deliberate or arbitrary abuse of governmental authority as is required by Bello when claiming substantive due process violations. slip Op. at 8-11.

We believe that these substantive due process allegations will drop out if the application of the Act's policies by CZM are reviewed by the Board. If procedural due process or statutory notice violations are not found, such that Board review is precluded, then this Court will take up the substantive due process question.

We reach this conclusion despite our recognition that as both a federal and local court we are bound to consider both local and federal law in addressing a complaint absent an overriding reason. See Frett v. Government of the Virgin Islands, — F.2d —, No. 86-3604 Slip Op. at 15 (3d Cir. February 17, 1988). Here the overriding reason is the existence of adequate local remedy and, thus, as the Frett court suggested, we first look to territorial law. Id.

THAT the plaintiffs' amended complaint is DISMISSED WITH-OUT PREJUDICE.