**JOSEPH and SERAPHINE THOMAS, Plaintiffs**

**v.**

**V.I. GOVERNMENT, V.I. TAXI COMMISSION, DOUGLAS WILLIAMS, DENISE DAVID, and ALDA CANTON–ALLEN, FIRST PENNSYLVANIA BANK, Defendants**

Civil No. 733/89

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 25, 1991

MONICA BOYD RICHARDS, ESQ., St. Thomas, V.I., *for plaintiffs*

RICHARD O. BAKER, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendants*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented in this motion to dismiss by Defendants is whether the Territorial Court of the Virgin Islands may initially entertain a complaint regarding the ownership of a taxi medallion without allowing the Virgin Islands Taxi Commission an opportunity to address it administratively. For the reasons stated herein, the Court answers the question in the negative, and will grant Defendants' motion to dismiss.

## FACTS

The Virgin Islands Department of Justice began investigations in 1989 of the Virgin Islands Taxi Commission. During the course of the

investigation, investigators discovered that taxi medallion number 1160 and taxi license plates TP-1252 were not recorded on the Taxi Commission's records but were identified on the street being used by plaintiff, JOSEPH THOMAS. Mr. Thomas, upon request, went to the Department of Justice on May 1 and 3, 1989 and answered questions about his possession of the medallion and taxi plates. As a result of the investigation and statements made by Mr. Thomas, a warrant was issued for the arrest of DENISE DAVID, Deputy Clerk of the Virgin Islands Taxi Commission. MS. DAVID was charged with seven counts of fraudulently appropriating two taxi license plates bearing number TP-1252, a taxi medallion number 1160, appropriating the monies to her own use and falsely executing a Taxi Commission Certificate of Entitlement. MS. DAVID was acquitted by Jury in the Virgin Islands District Court of all counts on August 22, 1989.

Taxi Medallion #1160, Taxi Plates TP-1252, Taxi Badge #J0279, Bank Pass Book #5034 (Nova Scotia), License #J05346 and official Taxi receipt were taken from MR. THOMAS by investigator and defendant, ALDA ALLEN. Plaintiffs filed this Civil Action against Defendants on September 5, 1989 seeking the return of the items taken away from MR. THOMAS, including the medallion and taxi plates. This Court conducted a settlement conference on October 22, 1990, at which time all the items, except the taxi medallion, plates, and certificate of entitlement, were returned to the Plaintiffs. Defendants have now filed the instant motion.

## DISCUSSION

### Subject Matter Jurisdiction

Title 3 V.I.C. Section 274(i) provides, "Any person aggrieved by any decision of the Commission may within ten days following the date of notice of such decision file an appeal for review with the Territorial Court of the Virgin Islands."

"(g) In addition to other powers and duties granted to it by law the Commission shall have the power to (1) issue medallions . . .

(2) issue license plates to owners of automobiles for hire properly registered with the Police Commissioner in accordance with the procedures of Title 20, Section 339 . . .

(8) receive and investigate complaints with regard to the conduct of operators of automobiles for hire and impose administrative fines and penalties as provided by law; and

(9) exercise such other incidental powers, which may be necessary for the purposes of its establishment and operation, as are not in conflict with the law."

Title 3 V.I.C. Section 274(i) grants the Taxi Commission the authority to hear grievances concerning the ownership of taxi medallions and taxi plates in its catchall provision in Section 274(g)(9). Therefore, the commission as an administrative agency charged with that responsibility should first address the issue. Plaintiffs were required to go before the Taxi Commission for a hearing before seeking Judicial review in the Territorial Court because the statute restricts the Territorial Court to appeals of the Commission's decisions. In seeking judicial review before first going before the Commission, plaintiffs have failed to exhaust their administrative remedies. La Vallee Northside Civic Association v. Virgin Islands Coastal Zone Management Commission, 23 V.I. 406 (D.C.V.I. 1988). Accordingly, this Court finds that it lacks subject matter jurisdiction to hear this case until Plaintiffs are heard before the Taxi Commission regarding the ownership of the taxi medallion and taxi plates that are the subject of this law suit. Therefore, the Court need not address any of the remaining issues in this case at this time.

## CONCLUSION

Because the acts complained of should be initially submitted to the Taxi Commission before judicial review, this case shall be DISMISSED, without prejudice.

## ORDER

This matter is before the Court on motion of the Defendants to dismiss. In accordance with the Court's memorandum opinion of even date, it is hereby

ORDERED, that Defendants' motion to dismiss is Granted; it is further

ORDERED, that this case is DISMISSED, without prejudice.