# VIRGIN ISLANDS CONSERVATION SOCIETY, INC., Appellant/Plaintiff

## v.

# GOLDEN RESORTS, LLLP, Appellee/Defendant

S. Ct. Civ. No. 2009-0026

Supreme Court of the Virgin Islands

July 26, 2011

614

ANDREW C. SIMPSON, ESQ., Andrew C. Simpson, P.C., St. Croix, USVI, *Attorney for Appellant.*

WILLIAM J. GLORE, ESQ., Dudley, Clark & Chan, L.L.P., St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and BRADY, *Designated Justice.*[2]

## OPINION OF THE COURT

(July 26, 2011)

HODGE, C.J. Appellant, Virgin Islands Conservation Society, Inc. ("VICS"), appeals from the Superior Court's February 25, 2009 Order, which dismissed VICS's action for injunctive relief against Appellee, Golden Resorts, LLLP. VICS asks this Court to hold that the Superior Court erred when it: dismissed VICS's action for lack of jurisdiction on grounds that VICS had failed to exhaust all administrative remedies before seeking relief in the trial court; required VICS to pursue a writ of review rather than an action for injunctive relief; and refused to convert VICS's motion for injunctive relief into a petition for writ of review. For the reasons which follow, we reverse the Superior Court's February 25, 2009 Order and re-instate VICS's action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court, in its June 23, 2010 Opinion in this matter, summarized the factual and procedural background of this appeal:

> This procedurally complex appeal arises from a heavily-litigated dispute over Golden's proposed development of certain wetlands in St. Croix. On September 5, 2003, Golden filed an application for a major coastal zone permit ("permit") with the Department of Planning and Natural Resources ("DPNR") in order to develop several parcels of wetlands for the purpose of building a 605-room hotel resort with a casino and convention center. Unable to amass a quorum to consider Golden's application, the St. Croix Committee on Coastal Zone Man-

---

[2] Associate Justice Maria M. Cabret has been recused from this matter. The Honorable Julio A. Brady, a Judge of the Superior Court, sits in her place by designation pursuant to 4 V.I.C. § 24(a).

agement ("CZM Committee") failed to conduct a public meeting on Golden's application within thirty days as required by V.I. CODE ANN. tit. 12 § 910(d)(4). As a result, the CZM Committee ruled at a May 26, 2004 public hearing that Golden's permit had been granted by default. However, at a July 1, 2004 meeting scheduled to discuss the conditions that would be attached to Golden's permit, the CZM Committee ultimately rescinded the default permit that had been granted at the prior hearing.

On July 30, 2004, Golden appealed the CZM Committee's decision to the Virgin Islands Board of Land Use Appeals ("BLUA"). Finding that Golden was entitled to a permit by default, the BLUA issued Golden a permit on January 12, 2005. The terms of the permit specified that, unless an extension is granted by the BLUA or the Commissioner of the DPNR ("the Commissioner"), the permit would terminate automatically and become null and void if Golden did not commence construction within twelve months of the permit's effective date. VICS subsequently filed a petition for writ of review in the Superior Court challenging the BLUA's issuance of the default permit, but the Superior Court affirmed the BLUA's determination that Golden was entitled to a permit by default. *See Virgin Islands Conservation Society, Inc. v. Board of Land Use Appeals*, No. 83/2005 (V.I. Super. Ct. May 25, 2006). Although VICS's petition for writ of review raised other issues, including the lack of sufficient findings concerning the environmental impact of the proposed construction, the Superior Court declined to address those issues because they had not been raised before the BLUA.

On appeal to the Appellate Division of the District Court, the Superior Court's determination that Golden was entitled to a permit by default was affirmed. *See Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals, et al.*, 49 V.I. 581, 601 (D.V.I. App. Div. 2007). However, the Appellate Division held that VICS was unable to properly raise its other issues before the BLUA because the BLUA had acted as an agency by originally granting the permit, rather than as an appellate body reviewing the CZM Committee's decision. Concluding that the lack of a sufficiently-developed agency record made it impossible to review the propriety of the permit on the other

grounds raised by VICS, the Appellate Division ultimately remanded the matter to the Superior Court with instructions to remand to the appropriate CZM Committee for further factual consideration. Following the Appellate Division's remand, VICS appealed to the Third Circuit Court of Appeals, which dismissed the appeal on grounds that the Appellate Division's decision "[did] not resolve an important legal issue and denial of [the] appeal [would] not foreclose future appellate review as a practical matter." *Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals, et al.*, No. 08-1047, slip op. at 2 (3d Cir. Mar. 14, 2008). At present, VICS's appeal concerning the validity of the original permit remains pending in the Appellate Division.

While VICS's petition for writ of review was still pending in the Superior Court, VICS learned that Golden intended to seek an extension of the permit. In a letter dated December 27, 2005 — sixteen days before the default permit was due to expire because Golden had not yet begun construction, VICS notified Golden that, although the permit purported to allow the BLUA to grant an extension, the Coastal Zone Management Act ("CZMA") provides that an extension may be granted only by the CZM Committee or the Commissioner. Thereafter, by letter dated January 4, 2006, Golden requested an extension of the permit from the CZM Committee. Soon thereafter, Golden also requested an extension from the BLUA. On March 21, 2006, the BLUA voted to approve Golden's request for an extension for a period of one year following the date on which the Superior Court ultimately ruled on VICS's petition for writ of review. After the Superior Court's May 25, 2006 decision affirming the grant of the permit by default, the BLUA issued a written decision extending the permit for one year.

Subsequently, on April 23, 2007 — one month before the one-year extension would automatically expire if Golden had not commenced construction — Golden requested a second extension from the BLUA. The BLUA held a hearing on July 6, 2007 and voted to grant the second extension in accordance with the terms stated in Golden's April 23, 2007 letter, which had requested that the permit be extended for a period of one year following the Appellate Division's ruling on VICS's appeal. However, on January 15, 2008 — five months after the hearing

— the BLUA issued a written decision which extended the permit for a period of one year following the latest of three dates: (a) the date of the final decision of the Appellate Division, (b) the date of the final decision of any appeal to the Third Circuit, or (c) the date of the Superior Court's final decision in the related matter of *Traxco, Inc. v. Gov't of the Virgin Islands*, No. 602/2006.

On January 21, 2009, after apparently learning that Golden intended to begin construction, VICS filed in the Superior Court a Motion for Temporary Restraining Order and Preliminary Injunction pursuant to 12 V.I.C. § 913(b)(1). In support of its motion for injunctive relief, VICS contended that Golden's construction would be a violation of the CZMA because the initial permit had expired. The Superior Court initially denied the motion for a temporary restraining order ("TRO"), finding that construction did not appear imminent. However, after VICS asserted that Golden had brought earth-moving equipment to the construction site, the trial court issued a TRO.

On February 20, 2009, a hearing was held to determine whether further injunctive relief was appropriate. Five days later, the trial court denied VICS's motion for injunctive relief and granted Golden's request for dismissal of the action. In its February 25, 2009 order, the trial court concluded that VICS was attempting to challenge the propriety of the BLUA's extensions and that a petition for writ of review under 12 V.I.C. § 913(d), rather than a motion for injunctive relief under 12 V.I.C. § 913(b)(1), was the proper vehicle for such a challenge. As a consequence, the trial court held that it lacked jurisdiction over the matter because VICS had failed to exhaust its administrative remedies by not seeking judicial review of the BLUA's decision. Additionally, the trial court declined VICS's request to convert its motion for injunctive relief into a petition for writ of review, finding that VICS's filings did not comport with the requirements for maintaining a writ of review and that VICS would suffer no prejudice if the court failed to convert the motion.

On March 26, 2009, VICS filed a notice of appeal, seeking to appeal the Superior Court's February 25, 2009 order to this Court.

*V.I. Conservation Society v. Golden Resorts, LLLP*, S. Ct. Civ. No. 2009-0026, 2010 V.I. Supreme LEXIS 21, at *2-8 (V.I. June 23, 2010).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees[,] or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). Since the February 25, 2009 Order constitutes a final judgment, this Court possesses jurisdiction over VICS's appeal.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's factual findings are only reviewed for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). In particular, issues of statutory construction are afforded plenary review. *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 483 (V.I. 2008), *cert. denied*, No. 08-3398, slip op. at 1 (3d Cir. Jan. 19, 2009).

### B. VICS Could Proceed Pursuant to 12 V.I.C. § 913(b)(1)

██ VICS, as its primary argument in favor of reversal, contends that the Superior Court erroneously held that it was required to bring its action as a petition for writ of review pursuant to section 913(d), rather than as a motion for injunctive relief pursuant to section 913(b)(1) of title 12 of the Virgin Islands Code. In its February 25, 2009 Order, the Superior Court heavily relied on the decision in *LaVallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 23 V.I. 406 (D.V.I. 1988), *aff'd in part, rev'd in part, & vacated in part*, 866 F.2d 616 (3d Cir. 1989), which it characterized as analogous to the present case. In *LaVallee*, the plaintiffs brought their challenge to a CZMA permit issued by the CZM Committee in the District Court under section 913(b)(1) instead of appealing the CZM Committee's decision to the BLUA, and the District Court dismissed the complaint on the grounds that the plaintiffs could not circumvent an appeal to the BLUA by seeking injunctive relief. 23 V.I. at 411-13. The United States Court of Appeals for the Third Circuit affirmed the portion of the District Court's decision requiring the plaintiffs to appeal to the BLUA and then, if still dissatisfied, seek a writ of review of the BLUA decision pursuant to section 913(d). 866 F.2d at 621. Applying *LaVallee*, the Superior Court held that VICS should have (1) brought its

action pursuant to section 913(d) instead of section 913(b)(1); and (2) exhausted its administrative remedies.[3]

■■ Although not referencing it by name, both the Third Circuit and the District Court, in holding that the *LaVallee* plaintiffs were foreclosed from proceeding under section 913(b)(1), essentially applied the doctrine of primary jurisdiction. The United States Supreme Court has summarized this doctrine, and how it differs from exhaustion of administrative remedies, as follows:

> The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. "Exhaustion" applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. "Primary jurisdiction," on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*United States v. Western Pacific R. Co.*, 352 U.S. 59, 63-64, 77 S. Ct. 161, 165, 1 L. Ed. 2d 126 (1956) (citing *General Am. Tank Car Corp. v. El Dorado Terminal Co.*, 308 U.S. 422, 433, 60 S. Ct. 325, 331, 84 L. Ed. 361 (1940)). As the District Court recognized in *LaVallee*, although sections 913(b)(1) and (d) both represent judicial remedies, and section 913(a) provides that "[t]he provisions of this section shall be cumulative and not exclusive," 12 V.I.C. § 913(a), permitting an individual who would qualify as an "aggrieved person" under section 913(d) to challenge the validity of a CZM permit by bypassing the BLUA and proceeding directly to court "would displace the [BLUA]'s function as an expert appellate panel in this

---

[3] We recognize that section 913(b)(1), unlike section 913(d), does not mandate that a litigant exhaust administrative remedies prior to seeking injunctive relief. However, in *LaVallee* the Third Circuit affirmed the District Court's holding that administrative remedies must be exhausted if a section 913(b)(1) action is based on the grant or denial of a permit. *LaVallee*, 866 F.2d at 621.

area, and would unduly clog [courts] with premature challenges of essentially administrative rulings." 23 V.I. at 411.

■■ We hold that the Superior Court should not have declined to exercise jurisdiction pursuant to section 913(b)(1) under either the rule requiring exhaustion of administrative remedies or the primary jurisdiction doctrine. As a threshold matter, while the CZMA provides for the BLUA to hear appeals of CZM Committee decisions, there is no administrative agency that possesses jurisdiction to review BLUA decisions. Thus, since " '[e]xhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone" *Western Pacific R. Co.*, 352 U.S. at 64, 77 S.Ct. at 165, the Superior Court erred in holding that VICS had failed to exhaust its administrative remedies, since there remained nothing for any administrative agency to do at this point.

■ Moreover, unlike the plaintiffs in *LaVallee*, VICS did not, through its motion for injunctive relief, seek to review the merits of the initial decision to grant Golden a permit. Rather, VICS sought to enjoin Golden from further development with a permit that it alleged had become null and void due to subsequent events. In *LaVallee*, the Third Circuit cited to *Gov't of the V.I. v. V.I. Paving, Inc.*, 714 F.2d 283 (3d Cir. 1983), *overruled on other grounds by statute*, as an example of an action properly brought under section 913(b)(1) to restrain a violation of the CZMA. 866 F.2d at 621. In *V.I. Paving*, the Government of the Virgin Islands brought an action under section 913(b)(1) to enjoin the defendant from conducting quarry and crushing operations on certain coastal land without a CZM permit. Here, VICS alleged in its motion for injunctive relief that even if Golden initially had a valid permit, Golden violated the terms of both that permit and the CZMA by failing to commence construction within twelve months without being granted an extension *before* that permit expired. Importantly, VICS also alleged in its motion that even if Golden's permit could be extended after it had already expired, the BLUA — as opposed to the CZM Committee or the Commissioner — lacked jurisdiction to grant such an extension, and therefore the March 16, 2006 BLUA vote was null and void. *See United States v. Radio Corp. of Am.*, 358 U.S. 334, 350, 79 S. Ct. 457, 466-67, 3 L. Ed. 2d 354 (1959) (explaining that "[t]he justification for primary jurisdiction . . . disappears" if the agency lacks jurisdiction). In other words, this is not a case where "any person could inhibit coastal zone development for years after a permit has been approved . . . . merely

because such person believed that CZM had erred substantively," and allowing VICS to proceed pursuant to section 913(b)(1) would not "displace the [BLUA]'s function as an expert appellate panel." *LaVallee*, 23 V.I. at 411. Accordingly, we reverse the Superior Court's February 25, 2009 Order and remand the matter so that the Superior Court may consider VICS's motion for injunctive relief on the merits.[4]

## III. CONCLUSION

Since the CZMA does not vest an administrative agency with jurisdiction to review BLUA decisions, the Superior Court erred when it held that VICS could not proceed under section 913(b)(1) because VICS failed to exhaust administrative remedies. Likewise, VICS is not — through this action — challenging the validity of Golden's initial permit by default, but only seeking injunctive relief on the grounds that (1) Golden let that permit lapse by failing to timely obtain an extension, and (2) the BLUA lacked jurisdiction to extend Golden's permit. Thus, VICS is not bringing its section 913(b)(1) action as a substitute for a petition for writ of review, and requiring the Superior Court to consider VICS's request for injunctive relief on the merits would not undermine the regulatory framework set forth in the CZMA. Consequently, we reverse the Superior Court's February 25, 2009 Order.

---

[4] Given our holding that the Superior Court should have exercised jurisdiction under section 913(b)(1), we decline to reach VICS's alternate argument that the Superior Court should have converted its motion for injunctive relief into a petition for writ of review pursuant to section 913(d). In addition, although VICS and Golden have extensively briefed the merits of VICS's claim that Golden's permit was never validly extended, we believe that it is the Superior Court, and not this Court, that should consider this issue in the first instance on remand when considering VICS's request for injunctive relief. *See Williams v. Gov't*, 54 V.I. 590, 598 (V.I. 2011).