## PAULETTE RAWLINGS, Petitioner

### v.

## GOVERNMENT EMPLOYEES SERVICE COMMISSION, Respondent

Civil No. 138-82

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 19, 1983

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for appellant*

ROBERT L. KING, ESQ., St. Thomas, V.I., *for appellee*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on a writ of review directed to the respondent Government Employees Service Commission. Because the writ was improvidently granted, it must be dismissed.

In May of 1981 petitioner requested the Director of Personnel of the Government of the Virgin Islands to re-allocate or reclassify her job position in the Department of Internal Revenue. Dissatisfied with the director's response, the petitioner appealed to the Governor, pursuant to 3 V.I.C. § 496(b). In accordance with that section, the Governor referred the appeal to the Government Employees Service Commission (G.E.S.C.). The G.E.S.C. held a hearing on October 20, 1981 (this hearing was held some fifty days later than as prescribed by section 496(b)). The G.E.S.C. then sent its recommendation to the Governor who approved the recommendation sometime in December of 1981. On December 30, 1981, petitioner filed a motion with the G.E.S.C. asking for a clarification of its recommendation. The G.E.S.C. then held another hearing on March 23, 1982, to consider petitioner's motion. As a result of that hearing an amended recommendation was issued by the chairman of the G.E.S.C., which was later approved by the Governor. Petitioner then applied to this court for a writ of review pursuant to 5 V.I.C. §§ 1421–1423 and 5 V.I.C. App. V, R. 11.

■■ Section 496(b) of Title 3 of the Virgin Islands Code states that the Governor's decision upon the recommendation from the G.E.S.C. is final. 5 V.I.C. App. V, R. 11 allows a petitioner thirty days in which to petition this Court for a writ of review. After the thirty-day period, this Court does not have jurisdiction to entertain a petition for a writ of review. This period may not be extended by post-hearing motions. This rule was announced by this Court in Benjamin v. G.E.S.C., Civ. No. 78-289, 1978 St. T. Supp. 263 (D.V.I. Oct. 20, 1978). In Benjamin, the petitioner appealed a decision of the Bureau of Corrections to the G.E.S.C. The G.E.S.C. issued an opinion declining to assert jurisdiction. Petitioner then filed a motion to reconsider which was denied. Thirty days after the denial of the motion to reconsider, Benjamin sought review in this Court. The Court denied the application for the writ, noting that more than

thirty days had elapsed since the initial G.E.S.C. decision and that the post-decision motion did not toll the thirty-day period for the filing of a writ of review. Furthermore, the Court stated, the order denying the motion to reconsider did not provide a new date from which review could be sought. The Court stated:

> A holding to the contrary would imply that a dilatory party who received an adverse decision from an administrative board and who failed to seek review within the required 30 days, need only seek reconsideration, and then seek review from that response. Such subterfuge will not be allowed to circumvent rules of the Court. To adequately protect himself, petitioner should have sought timely review in Court and still pursue his efforts to have the GESC reconsider its determination. [Like section 496(b)], [s]ection 530(b) of Title 3 declares that the G.E.S.C.'s decision shall be final. That provision does not provide for a time within which a party may move the GESC for reconsideration of its decision. It is, therefore, unlike Fed. R. Civ. P. 59, where a motion ruled within the required 10 days, destroys the finality of the judgment for purposes of appeal, and the time for appeal commences to run anew from the date of the order disposing of the motion.

1978 St. T. Supp. 316 n.1, 2 (citations omitted).

We believe the reasoning of Benjamin applies with equal force here to petitioner's motion for clarification. Because petitioner herein applied for a writ of review long after the thirty-day period within which one may apply for such relief had expired, the writ of review should not have been granted and must therefore be dismissed.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the writ of review issued in this action on June 15, 1982, be, and the same is hereby, DISMISSED.