836 F.2d 131
 Unempl.Ins.Rep. CCH 21,883
Sander Y. POMPER, Janet George, Virgin Islands Employment
Security Agency, Government of the Virgin Islands
v.
Rudy & Sheila THOMPSON d/b/a Rudy Thompson Real Estate; St.
Thomas Board of Realtors.
Appeal of Rudy and Sheila THOMPSON d/b/a Rudy Thompson Real Estate.
 No. 86-3162.
 United States Court of Appeals,
Third Circuit.
 Argued April 30, 1987.
Decided Dec. 29, 1987.
 
 Deborah Butler (argued), Arthur Pomerantz, Law Offices of Arthur Pomerantz, Charlotte Amalie, St. Thomas U.S. Virgin Islands, for appellants.
 Edward A. Wascoe (argued), Charlotte Amalie, St. Thomas U.S. Virgin Islands, for appellees.
 Before SEITZ, HIGGINBOTHAM and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal presents an important issue arising under the Virgin Island's Unemployment Insurance Act, V.I.Code Ann. tit. 24, Secs. 301-319 (1970 & Supp.1986) (the "Act"). We are asked to determine whether under the Act certain real estate sales agents are independent contractors, or whether their service constitutes "employment" within the meaning of V.I.Code Ann. tit. 24, Sec. 302(k)(5) (1970). If they are employees, then their supervising real estate broker must, as an employer, pay unemployment insurance taxes to the Unemployment Insurance Subfund under V.I.Code Ann. tit. 24, Sec. 308 (1970).
 
 
 2
 As well as being significant, this issue has been extensively heard. On December 12, 1983, the Virgin Islands Employment Security Agency ("VIESA") sent Rudy and Sheila Thompson a notice of the agency's determination that the Rudy Thompson Real Estate sales agents performed employment covered by the Act. The decision required the Thompsons to pay unemployment insurance contributions from January 1, 1978. On March 1, 1984, a VIESA hearing examiner affirmed the determination. The Thompsons filed a petition for judicial review of the ruling with the district court on March 30, 1984, twenty-nine days after VIESA mailed a copy of its decision to them. The district court affirmed VIESA's ruling on January 22, 1986, but it altered the determination by requiring the Thompsons to make unemployment insurance contributions only as of December 12, 1983, the date on which the agency had announced its determination. The Thompsons then appealed to this Court. They challenge VIESA's determination that real estate agents working at Rudy Thompson Real Estate perform employment within the meaning of the Act and claim that if the agents are covered by the Act, contributions would be owed only as of January 22, 1986, the date of the district court's decision. Unfortunately, we are unable to resolve these substantial issues. Because the Thompsons' petition for review by the district court was not timely, we must dismiss their appeal to this Court for lack of jurisdiction.
 
 
 3
 An appellate court must satisfy itself not only of its own jurisdiction, but also of the jurisdiction of the courts under review. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934). Where statutory appeals periods are at issue, the Court is required to notice them sua sponte. de la Fuente v. Central Elec. Co-op., Inc., 703 F.2d 63, 64 n. 1 (3d Cir.1983) (citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982)). Courts have uniformly held that the limits on the taking of an appeal are mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960); Torockio v. Chamberlain Mfg. Co., 456 F.2d 1084, 1085 (3d Cir.1972) (in banc ) ("[t]he [Fed.R.App.P. 4(a) ] thirty day period for taking an appeal is mandatory and jurisdictional, Fitzsimmons v. Yeager, 391 F.2d 849 (3d Cir.1968), cert. denied, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968)."); Rawlings v. Government Employees' Serv. Comm'n, 20 V.I. 224 (D.V.I.1983) (district court lacks jurisdiction to entertain review petition after thirty day appeal period has expired), aff'd without published opinion, 735 F.2d 1350 (3d Cir.1984) (table); Benjamin v. Government Employees Serv. Comm'n, 1978 St.T.Supp. 315 (D.V.I.1978) (district court lacks jurisdiction to entertain review petition after thirty day appeal period has expired).
 
 
 4
 That the Thompsons did not file within the statutory time limit for judicial review of VIESA's determination is unquestionable. The Act provides that VIESA's decision whether the service at issue is employment becomes final "unless, within 15 days after the decision was mailed ... [the employing unit] initiates judicial review...." V.I.Code Ann. tit. 24, Sec. 307(a)(5) (1970). The same fifteen days appeals period applies to VIESA's decisions regarding delinquent and contested contributions under V.I.Code Ann. tit. 24, Sec. 309(g) (1970).[1] Appellants seem to argue that Secs. 307(a)(5) and 309(g) are internally inconsistent and, therefore, cannot be applied. This is because, in addition to the fifteen day time limit, Sec. 307(a)(5) provides for "judicial review in accordance with the provisions of section 306(e)(1)," and Sec. 309(g) provides for "judicial review in accordance with section 306(e)." Section 306(e) establishes a thirty day period for initiating judicial review of employee unemployment benefits cases. The Virgin Islands legislature gave employees seeking to contest a denial of unemployment compensation, or to dispute the amount of compensation granted to them, fifteen more days than employers have to petition for review of VIESA's rulings. But Sec. 306(e)(1) also sets out the procedural steps and jurisdictional limitations governing the process of judicial review, and it is to these requirements that the two subsequent appeals provisions are referring.[2] " 'The cardinal principle of statutory construction is to save and not to destroy.' ... It is our duty 'to give effect, if possible, to every clause and word of the statute'...." Zenith Radio Corp. v. Matushita Elec. Indus. Co., Ltd., 402 F.Supp. 244, 248 (E.D.Pa.1975) (quoting United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 519-20, 99 L.Ed. 615 (1955)). Because Sec. 307(a) and Sec. 309(g) of the Act would be otherwise meaningless, we are obliged to give effect to their short fifteen day appeals period, in conjunction with the review procedures set forth in Sec. 306(e)(1).
 
 
 5
 Although there is a statutory limitation of fifteen days for filing a notice of appeal to the district court, the Thompsons filed their petition for review within the thirty day period prescribed in Sec. 306(e)(1) for employee unemployment insurance claims. Because the Act establishes a fifteen day period in which to petition for review of VIESA's final ruling and the appellants filed their petition on the twenty-ninth day, the district court had no jurisdiction to entertain the petition for review. The Thompsons' predicament, and that of this Court, which wishes to resolve this issue, must apparently be laid at the door of VIESA. When that agency sent the Thompsons a notice announcing its hearing examiner's affirmance of the determination of employee coverage, it did so on an erroneous form. The form contained pre-printed matter, including a paragraph conspicuously marked "APPEAL RIGHTS," which stated that the recipients had thirty days to file a petition for judicial review with the district court. We have no doubt that if the VIESA had not used a Sec. 306(e)(1) employee benefits claim form to communicate a decision concerning employer participation in the unemployment insurance program, the Thompsons' counsel would have filed the petition for review in timely fashion. It goes without saying that, since the district court could not rule on the merits of the status of the real estate agents for the purposes of the Unemployment Insurance Act, the issue remains open for judicial consideration in the event an appropriate future action is filed. We regret that this administrative mistake has deprived the parties of judicial review of the pressing issue they sought to bring before us.[3]
 
 
 6
 The order of the district court will be vacated.
 
 
 
 [1]
 The parties express a lack of certainty as to which of these two sections of the Act, section 307(a)(5) or section 309(g), provided the basis for the Thompsons' petition. Section 307(a)(5), governing determinations of whether service performed is employment, best describes what is at issue. Section 309(g) would be applicable if VIESA had assessed specified contributions from the Thompsons. This has not occurred. Rather, VIESA has required the Thompsons to submit employment records on the basis of which precise contributions could be calculated. Since both sections limit employers to a fifteen day period in which to file a petition for judicial review of VIESA's final determination, however, the identical problem of timeliness would arise under either provision
 
 
 [2]
 Section 306(e), "Notice of referee's decision and judicial review," provides that
 (1) After a hearing a referee shall make findings and conclusions promptly and on the basis thereof affirm, modify, or reverse the Director's determination. Each party shall be furnished promptly a copy of the decision and the supported findings and conclusions. This decision shall be final unless a party initiates a judicial review by filing in the District Court of the Virgin Islands a petition for review within 30 days after the referee's decision has been mailed to each party's last known address, or otherwise delivered to him. The petition for review shall state the grounds upon which review is sought but need not be verified. Exceptions to rulings of the referee shall not be necessary to obtain judicial review nor shall a bond be required either as a condition of initiating a proceeding for judicial review of a determination of benefit rights or of entering an appeal from the decision of the court upon such review.
 (2) The referee and all parties to the proceedings before him [or her] shall be parties to the review proceedings. If the Director is a party respondent, the petition shall be served by leaving with him [or her], or any representative whom he [or she] designates for that purpose, as many copies of the petition as there are respondents. The Director shall file with the court certified copies of the record of the case together with his [or her] petition for review or his [or her] answer to the appellant's position. Upon the filing of a petition for review by the Director or upon service of a petition upon him [or her], the Director shall send a copy of the petition by certified mail to each party and such mailing shall constitute service upon the parties.
 (3) The jurisdiction of the reviewing court shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the referee, if supported by substantial evidence regardless of statutory or common-law rules, shall be conclusive. Any additional evidence required by the court shall be taken before the referee, and the referee, after hearing such additional evidence shall file with the court such additional or modified findings of fact or conclusions as he [or she] may make, together with transcripts of the additional record. All proceedings under this section shall be heard summarily and given precedence over all other civil cases except those arising under the Workmen's Compensation Law of the Virgin Islands; appeals involving benefit rights shall be given precedence over all other cases arising under this chapter. An appeal may be taken from the decision of the District Court of the Virgin Islands to the United States Court of Appeals for the Third Circuit in the same manner, consistent with the provisions of this chapter, as is provided for civil cases.
 V.I.Code Ann. tit. 24, Sec. 306(e) (1970).
 
 
 [3]
 Any time a case is decided on jurisdictional grounds rather than on the merits, there is the possibility that a litigant loses a case that he or she might have won on the merits. We recognize that requiring the Thompsons to be liable for unemployment insurance contributions from January 1, 1978, rather than from January 22, 1986, has an element of injustice, irrespective of how we would decide the statutory question. We trust that VIESA will consider waiving its claim for employer contributions from January 1, 1978 to January 22, 1986, since its faulty notice was the primary factor that precluded judicial review by this Court