# VIRGIN ISLANDS CONSERVATION SOCIETY, INC., Petitioner

## v.

# VIRGIN ISLANDS BOARD OF LAND USE APPEALS and VIRGIN ISLANDS COASTAL ZONE MANAGEMENT COMMISSION, Respondents

## and

# SUGAR BAY LAND DEVELOPMENT, LTD., Intervenor

Civil No. 1987/339

District Court of the Virgin Islands

Div. of St. Croix

July 31, 1988

NANCY V. YOUNG, ESQ., (LAW OFFICES OF BRITAIN H. BRYANT), St. Croix, V.I., *for petitioner, Virgin Islands Conservation Society*

SUSAN RHODES, ESQ., Assistant Attorney General and GODFREY R. DECASTRO, ESQ., Attorney General of the Virgin Islands (Department of Justice), St. Thomas, V.I., *for respondents, V.I. Board of Land Use Appeals and V.I. Coastal Zone Management Commission*

KEVIN A. RAMES, ESQ., (LAW OFFICES OF WINSTON HODGE, P.C.), St. Croix, V.I. and ELISABETH R. SAUER, (CAMPBELL, MORGAN & GIBSON, P.C.), Kansas City, Mo., *for intervenor, Sugar Bay Development, Ltd.*

*Attorneys for Amicus Curiae National Wildlife Federation:*

STACY L. WHITE, ESQ., (LAW OFFICES OF BRITAIN H. BRYANT), St. Croix, V.I.

DAVID J. WHITE, ESQ., ATLANTA, GA.

BRIAN K. SMITH, ESQ., Decatur Ga., *of counsel, on the brief*

ERIC P. JORGENSEN, ESQ., (Sierra Club Legal Defense Fund), Washington, D.C., *of counsel, on the brief*

ELIZABETH FAYAD, ESQ., Staff Attorney (National Parks & Conservation Association), Washington, D.C., *for Amicus Curiae National Parks and Conservation Association*

EDITH L. BORNN, ESQ., and KATHERINE E. HARSCH, ESQ., (LAW OFFICES OF EDITH L. BORNN), St. Thomas, V.I., *for Amicus Curiae League of Women Voters of the Virgin Islands, Christopher Columbus Jubilee Committee, Inc., and St. Croix Landmarks Committee, Inc.*

O'BRIEN, *Chief Judge*

## MEMORANDUM AND ORDER

We are asked to review approval of development in the first tier of the Virgin Islands coastal zone. The merits are certainly worthy of our attention. Unfortunately, because we lack jurisdiction we cannot provide it.

## I. FACTS AND PROCEDURAL BACKGROUND

The intervenor, Sugar Bay Development, Inc. ("Sugar Bay") obtained two permits[1] from the Virgin Islands Coastal Zone Management Commission ("CZM")[2] to develop the Virgin Grand Project ("project") at Salt River Bay, St. Croix.[3] The petitioner, the Virgin Islands Conservation Society, Inc. ("Conservation Society"), appealed the issuance of the permits to the Virgin Islands Board

---

[1] Nos. CZX-97-866 and CZX-98-96W.

[2] CZM is statutorily empowered to issue such permits. See 12 V.I.C. § 910(g).

[3] The project is to include a 288-room hotel, 300 condominium units, a convention center, pool, tennis facilities, related infrastructure, as well as a 125 slip marina which would require dredging of an 8 foot deep channel. It will be located on 75 acres in the Judith's Fancy area of Salt River, and will require expenditures of approximately $100 million.

of Land Use Appeals ("Board").[4] The Board subsequently affirmed CZM's actions on September 4, 1987. This affirmance became "final" by operation of statute on September 10, 1987.[5]

Rather than immediately petition this Court to review the Board's September 4, 1987 decision, the Conservation Society sought reconsideration of the Board's ruling pursuant to administrative rule 12 V.I.R. 914–19(a).[6] Once again, the Board ruled against the Conservation Society's interests.

The very next day, on December 23, 1987, the Conservation Society petitioned this Court for a writ of review of the Board's actions.[7] We granted the writ on January 25, 1988, allowed Sugar Bay to intervene, and set the matter for briefing.[8] No oral argument was had.

---

[4] 12 V.I.C. § 914(a) allows an aggrieved party from a decision of CZM to look for redress from the Board. It reads:

Notwithstanding any provision of law to the contrary, any aggrieved person may file an appeal of an action by the Commission, its Committees, or the Commissioner taken pursuant to section 910 or 911 of this chapter within forty-five days thereof with the Board of Land Use Appeals, and such appeal shall be governed solely by the provisions of this section.

[5] See 12 V.I.C. § 914(d), infra at 6 n.9.

[6] The rule states in relevant part:

A petition for rehearing may be filed within 14 days after final decision of the Board. The petition shall state with particularity the points of law or fact which in the opinion of the petitioner the Board has overlooked or misapprehended and shall contain such argument in support of the petition as the petitioner desires to present. Oral argument in support of the petition will not be permitted. No answer to the petition for rehearing will be received unless requested by the Board. If a petition for rehearing is granted, the Board may make a final disposition of the cause without reargument or may restore it to the calendar for reargument or resubmission or may make such orders as are deemed appropriate under the circumstances of the particular case.

12 V.I.R. 914–19(a).

[7] 12 V.I.C. § 913(d) provides for District Court review of the Board's decisions. It reads:

Pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ or review may be filed in the District Court of the Virgin Islands in the case of any person aggrieved by the granting or denial of an application for a coastal zone permit, including permit or lease for the development or occupancy of the trust lands or other submerged or filled lands, or the issuance of a cease and desist order, within forty-five days after such decision or order has become final provided that such administrative remedies as are provided by this chapter have been exhausted.

[8] We also permitted the following parties to appear as amicus curiae: The National Parks and Conservation Association; The National Wildlife Federation; The League of Women Voters; The St. Croix Landmark Society; and the Christopher Columbus Jubilee Committee.

Subsequently, the matter of this Court's jurisdiction was raised by Sugar Bay. Because we agree that the Conservation Society's petition is untimely, we must dismiss without reaching the merits.

## II. DISCUSSION

The Conservation Society concedes, as it must, that our jurisdiction to hear its petition is predicated upon its compliance with the 45 day limit to appeal the Board's decision. 12 V.I.C. § 913. Cf., Pomper v. Thompson, 836 F.2d 131, 133 (3d Cir. 1987) (per curiam) (citing Rawlings v. Gov't Employees Serv. Comm'n, 20 V.I. 224 (D.V.I. 1983), aff'd without published opinion, 735 F.2d 1350 (3d Cir. 1984) (table)), and that its December 23, 1987 petition is well beyond 45 days from the date that the Board's September 4, 1987 decision became final. However, it argues with what seems to be diminished vigor, that its appeal time was tolled during the pendency of its motion for reconsideration. Regretfully, we cannot concur.

12 V.I.C. § 914(d) clearly provides that the decision of the Board will be final after four working days of its issuance.[9] Section 913(d) then grants an aggrieved party forty-five days to seek review of such a final decision by this Court.[10]

Quite simply, there is no statutory provision which allows for post decision motions, e.g., a motion for reconsideration, to toll the appeal time or suspend the finality of the Board's decision. Absent this authority, our jurisdiction cannot be expanded. See Rawlings, 20 V.I. at 226; Benjamin v. Gov't Emp. Ser. Comm'n, Civ. No. 78–289, 1978 St. T. Supp. 315 (D.V.I. Oct. 20, 1988).

---

[9] Section 914(d) reads:

The Board, by majority vote of its authorized members, shall either affirm or reverse the Commission's or its appropriate Committee's or the Commissioner's action and shall either approve or deny an application for a coastal zone permit. If the Board grants an application for a coastal zone permit, the Board shall impose such reasonable terms and conditions on such permit as it deems necessary to achieve the objectives and purposes of this chapter. The Board shall set forth in writing and in detail the reasons for its decision and findings of fact upon which its decision is based. If the Board reverses a Committee's or the Commissioner's action on a coastal zone permit, it must make all of the findings required by section 910, subsection (a), paragraphs (2), (3) and (4) of this chapter. A copy of the Board's action shall be available for public inspection at the Board's offices during ordinary business hours. *The Board's action shall be final after four working days following its decision.* (Emphasis added.)

[10] See supra at 4, note 7.

Nevertheless, the Conservation Society attempts to implicate our jurisdiction by analogizing the posture of this petition with an appeal to a United States Court of Appeals after an unsuccessful motion to amend made in a federal district court. Such a motion can be made pursuant to Fed. R. Civ. P. 59(e) within 10 days of the date of the district court judgment or decision.

We believe that such an analogy is flawed with respect to our review of Board decisions simply because 12 V.I.C. § 914 finalizes the Board's decision after four working days. A Rule 59(e) motion, on the other hand, in conjunction with Fed. R. App. P. 4(a)(4),[11] prevents the finality of the district court decision or judgment pending resolution of the motion to amend. Portis v. Harris County, Texas, 632 F.2d 486 (5th Cir. 1980) (per curiam). Therefore, any appeal prior to the district court's decision on the motions to amend is premature and will be dismissed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).

Oppositely, a rule 12 V.I.R. 914–19(a) reconsideration motion before the Board does not suspend the finality of the Board decision. Simply because a rule was promulgated by the Board pursuant to statutory authority cannot override the clear statutory language of section 914 finalizing the Board's decision within four working days of its issuance.[12] It is from a final decision that the appeal must be taken. See 12 V.I.C. § 913(d), supra at 4 n.7.

## III. CONCLUSION

Because the Board's decision in this case was final on September 10, 1987, by operation of statute, the Conservation Society's December 23, 1987 petition for a writ of review is untimely, and we have no jurisdiction to rule upon the merits notwithstanding the

---

[11] Fed. R. App. P. 4(a)(4) reads in relevant part:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order ... granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

[12] This holding should not be read to foreclose the Board from withdrawing a decision within four working days thereof, thus foreclosing finality. It should only be read to preclude the Board from entertaining a motion for reconsideration once its decision becomes final.

potential worthiness.[13] This unfortunate result may not be due to the fault of the Conservation Society. However, we cannot assume jurisdiction merely because an agency's blunder contributed to the running of the appeal time.[14] See e.g., Pomper, 836 F.2d at 134 (petitioner erroneously notified by agency of appeal requirements).

As a result, this petition is DISMISSED.

---

[13] If 12 V.I.R. § 914-19(a) had been codified by statute into Title 12 without amending the finality language of § 914, our task would be to give effect to both it and § 914 in a sensible way. See Pomper, 836 F.2d at 132 (citation omitted). Thus, our resolution may have been different.

[14] The legislature may wish to amend the statutory framework in which the Board reviews CZM decisions to allow for post decision motions which preclude finality until such a motion is disposed of by the Board. We can testify to the usefulness of such motions since they may lessen the need for District Court review.