## LaVALLEE NORTHSIDE CIVIC ASSOCIATION and LaVALLEE VILLAGE DEVELOPMENT ASSOCIATION, INC., Petitioners

v.

## VIRGIN ISLANDS BOARD OF LAND USE APPEALS, Respondent

and

## REFLECTION BAY JOINT VENTURE, Intervenor

and

## ST. CROIX COMMITTEE OF THE VIRGIN ISLANDS COASTAL ZONE MANAGEMENT COMMISSION, Intervenor

Civil No. 1988/168

District Court of the Virgin Islands

Div. of St. Croix

August 12, 1988

---

BRUCE Z. MARSHACK, ESQ., (LAW OFFICES OF BRITAIN H. BRYANT & ASSOC.) St. Croix, V.I., *for petitioner, LaVallee Northside Civic Assoc.*

RICHARD AUSTIN, ESQ., Legal Services of the Virgin Islands, St. Croix, V.I., *for petitioner, LaVallee Village Development Assoc., Inc.*

GODFREY R. DECASTRO, ESQ., Attorney General of the Virgin Islands, and SUSAN FREDERICK RHODES, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for respondent, V.I. Board of Land Use Appeals*

WINSTON A. HODGE, ESQ., (LAW OFFICES OF WINSTON HODGE), St. Croix, V.I., *for intervenor, Reflection Bay Joint Venture*

RONALD W. BELFON, ESQ., Department of Planning & Natural Resources, St. Thomas, V.I., *for intervenor, St. Croix Committee of the V.I. Coastal Zone Management Commission for St. Croix*

O'BRIEN, *Chief Judge*

## MEMORANDUM OPINION

Our review of this petition illustrates how imperative it is for those interested in Virgin Islands coastal zone development to closely monitor the administrative decision-making apparatus in order to preserve statutory appeal rights. Because the petitioners in this case did not, we affirm the decision of the agency below which dismissed their appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

On August 13, 1987, intervenor, the St. Croix Committee of the Virgin Islands Coastal Zone Management Commission ("CZM") conducted a public hearing on the application of Antilles Investment Corporation, predecessor in interest to intervenor, Reflection Bay Joint Venture ("Reflection Bay") for a major coastal zone permit to develop property at Estate Cane Bay and Estate LaVallee on St. Croix, United States Virgin Islands.[1] The petitioners, LaVallee Northside Civic Association, and LaVallee Village Development Association, Inc. (collectively "LaVallee interests") appeared through their respective members at the public hearing and voiced opposition to the development, and subsequently addressed their concerns further in letters to CZM.[2]

Normally, CZM is required to render its decision on such an application within 30 days of the public hearing, and thereafter to transmit a copy of its decision to the applicant and anyone else who requests a copy thereof.[3] However, in this case, Reflection Bay

---

[1] CZM is the statutorily created body charged with the responsibility of regulating development in the first tier of the Virgin Islands Coastal Zone. See 12 V.I.C. §§ 904, 910.

[2] These two groups are made up of LaVallee residents and residents from surrounding communities who take an interest in "matters affecting the quality of life in their community." Petition for writ of review, ¶¶ 3, 4.

[3] 12 V.I.C. § 910(d)(4) provides:

The appropriate Committee of the Commission shall act upon a major coastal zone permit application within thirty days after the conclusion of the public hearing required by paragraph (2) of this subsection, and the Commissioner shall act upon a minor coastal zone permit application within sixty days after

waived the thirty day time limit and, therefore, CZM did not take action on the permit application until September 17, 1987. This executive session of CZM was open to the public and notice of the session was posted in the offices of CZM.[4] However, it does not appear that any of the petitioners attended this meeting.

At the September 17, 1987 session, CZM voted to approve the permit application with certain special conditions. This approval was confirmed by letter dated September 29, 1987 to Reflection Bay, and this letter was placed in Reflection Bay's CZM file which is open to the public.[5] The LaVallee interests allegedly were not notified by letter of the decision, although they claim by affidavit of some of their members, that they requested, and were promised such notice at the public hearing. In any case, there is no record of the petitioners making any inquiry at the office of CZM to determine whether a decision had been rendered or voted upon.

Subsequently, on October 9, 1987, Reflection Bay moved for reconsideration of some of the special conditions. This motion was made by letter and was placed in Reflection Bay's public CZM file.[6] Again the LaVallee interests were allegedly not notified in writing.

As a result of this request, CZM met on November 5, 1987. There is nothing in the record which suggests the time and date of this meeting was publicly posted. It then notified Reflection Bay of its decision by letter dated November 20, 1987. The permits were issued by CZM on December 21, 1987. Neither of the LaVallee

---

receipt thereof. Failure of the appropriate Committee of the Commission or the Commissioner to act within any time limit specified in this paragraph shall constitute an action taken and shall be deemed an approval of any such application. A copy of the decision of the appropriate Committee of the Commission or the Commissioner, whichever is applicable, on an application for a coastal zone permit shall be transmitted in writing to the applicant and to any person who requests a copy thereof.

[4] CZM exhibit C.

[5] CZM exhibit E.

[6] CZM's rules and regulations provide for such reconsideration. They read:
Upon written request by an applicant or upon its own initiative, the Committee may, in its discretion, reconsider any condition which it has imposed as part of its approval of a Coastal Zone Permit application where new facts, not previously available to the Committee through no fault of the applicant, are presented, or where fulfillment of any condition appears impossible or impracticable. Where the applicant requests reconsideration of any condition, he shall have the burden of demonstrating the foregoing.
12 V.I.R. § 910-7(f).

interests were provided with written notification of this meeting or decision.

On January 12, 1988, the LaVallee interests instituted an action for declaratory judgment in this Court. They contended that the failure of CZM to provide them with written notice of its September 17, 1988 decision ostensibly precluded them from exercising their statutory rights to appeal CZM's decision to the Virgin Islands Board of Land Use Appeals ("Board"). The LaVallee interests suggested that this amounted to a denial of their procedural due process rights. Tied to these claims were the petitioners' assertion that CZM erroneously applied the policies of the Coastal Zone Management Act, 12 V.I.C. § 901 et seq. ("Act"), in granting Reflection Bay the permit. They also contended that CZM's substantive actions amounted to a violation of their equal protection and substantive due process rights.

In a memorandum opinion, we dismissed without prejudice the declaratory judgment action. See LaVallee Northside Civic Association v. Virgin Islands Coastal Zone Management Commission, 23 V.I. 406, Civ. No. 1988/07, 1988 St. X. Supp. ---, (D.V.I. March 10, 1988) ("LaVallee I"). We concluded that the Act intended that challenges to the granting or denial of a permit be made first to the Board and only thereafter to us, and that the LaVallee Interests had not exhausted their administrative prerogatives. Slip. Op. at 7–9. In so doing, we recognized that our federal question jurisdiction was implicated by LaVallee's procedural and substantive due process contentions as well as the equal protection claim. Nevertheless, we preferred that the LaVallee interests first seek redress from the Board, reasoning that upon our review of the Board's decision it might be unnecessary to reach the federal issues. LaVallee I, Slip. Op. at 9–11 notes 13, 14. We, therefore, left it to the Board to first rule upon its jurisdiction to hear this appeal. Id. at 7.

The LaVallee interests then appealed our March 10, 1987 decision to the Third Circuit, and that matter is pending. They also applied to the Board on March 22, 1988 to review CZM's September 17, 1987 decision. The Board, however, declined to hear the appeal concluding that LaVallee's application was untimely. That decision was dated May 5, 1988. A timely writ of review was filed in this Court and briefing followed. No oral argument was had.

The LaVallee interests now contend that the Board failed to properly calculate the statutory appeal time, and that their appeal

was properly lodged. Their reasoning is that the Act requires actual notice before the appeal time begins to run. The Board found that LaVallee interests had actual notice sometime in December, 1987. The LaVallee interests suggest that because they filed the January 13, 1988 declaratory judgment action, their March 22, 1988 appeal to the Board is timely.

The petitioners also contend that CZM is estopped from asserting untimeliness as a defense of the appeal because CZM led the LaVallee interests to conclude that they would receive written notice of CZM's final action. Moreover, they contend that CZM's failure to notify them violated the dictates of the Act. The LaVallee interests suggest that the May 5, 1988 decision of the Board lacks the appropriate finding of facts to resolve the estoppel issue.

Alternatively, petitioners' fault the Act's failure to provide a mechanism for decisional notice to interested nonapplicants. Such a flaw, they suggest, violates due process, and in the context of this case, requires us to order the Board to hear their appeal.

In addition, we presume that the petitioners' substantive due process and equal protection claims are still outstanding from the prior action. No mention is made of the equal protection clause in this writ of review, although the magistrate had granted the petitioners' motion to put off briefing on the substantive due process question. Nevertheless, because we hold that the Board did not have jurisdiction to hear the LaVallee appeal, and that the petitioners can claim no protection from the due process clause to challenge the alleged procedural and substantive infirmities of the Act, we affirm the Board's decision.

## II. DISCUSSION

■ Our review of the Board's exercise of its jurisdiction is plenary. Cf., Pomper v. Thompson, 836 F.2d 131, 132–33 (3d Cir. 1987) (per curiam). Our review of its findings of fact is much more deferential. Herbert v. Government Employees' Serv. Com'n, 21 V.I. 358, 360 (D.V.I. 1985) (citations omitted).

A) *Statutory Appeal Rights*

12 V.I.C. § 914 provides an aggrieved such as the petitioners with forty-five days to appeal any action of CZM to the Board. LaVallee

I, Slip. Op. at 6.[7] "Action" refers to CZM's decision whether to grant or deny a permit application. Id. at 7.[8] This occurs at the public hearing or the executive session at which CZM votes to approve or deny the permit application,[9] and, thus, it is from this date that the appeal time begins to run.

It follows that receipt of written notice of CZM's decision, even if it were mandated by the Act or by regulation, is not determinative of the Board's jurisdiction.[10] Therefore, one's reliance is to be upon the public records and public notices found at CZM.[11]

■ Applying these criteria to the facts before us, an appeal of CZM's Reflection Bay action had to have been filed within forty-

---

[7] 12 V.I.C. § 914(a) states:

Notwithstanding any provision of law to the contrary, any aggrieved person may file an appeal of an action by the Commission, its Committees, or the Commissioner pursuant to section 910 or 911 of this chapter within forty-five days thereof with the Board of Land Use Appeals, and such appeal shall be governed solely by the provisions of this section.

[8] The Board concluded that whether the forty-five day requirement of section 914 is deemed to have run from the September 17, 1987 CZM hearing, or the September 29, 1987 letter of reconsideration, or the December 21, 1987 date on which the LaVallee interests obtained a copy of the November 20, 1987 letter, the appeal was untimely when filed on March 22, 1988. This conclusion rested upon its holding that it had no statutory authority to equitably toll that period of time which the declaratory judgment action was pending.

[9] The Board's rule found at 12 V.I.R. § 914-5(a) which provides that an appeal is timely when filed within forty-five days that CZM's decision is received by the applicant in written form conflicts with the language of the statute and, thus, cannot be followed. See e.g., Virgin Islands Conservation Society v. Board of Land Use Appeals, ——— V.I. ———, Civ. No. 1987/339, 1988 St. X. Supp. ——— (D.V.I. August 4, 1988). For similar reasons, we reject an interpretation that the appeal time should commence the date written decision was transmitted to the applicant.

[10] Our conclusion does not conflict with 12 V.I.C. § 910(d)(5)'s requirement that the applicant, and others who so request, receive written memorialization of CZM's action. Nothing in that section alters the Board's jurisdictional prerequisites especially in light of the fact section 910 does not mandate CZM to mail such written decision to others. It merely requires that a copy be furnished upon request. Only CZM's regulation explicitly requires the use of the mail to notify the applicant. See 12 V.I.R. § 910-7(f). Thus, notification cannot be read as a necessary prerequisite for the Board's jurisdiction.

[11] Indeed, 12 V.I.R. § 910-8(b)(1) requires notice of public hearings to be made by advertisement in a newspaper of general circulation twice before the hearing. Others including the applicant and those who request notice may receive written notification of the public hearing and notice is to be posted at the development site. Id. at § 910-9(b)(2)(3). Moreover, 12 V.I.R. § 910(9)(b) requires all schedules of executive sessions in which an applicant permit will be voted upon to be publicly posted and available for public inspection.

five days from September 17, 1987.[12] Thus, any appeal filed after November 1, 1987 was statutorily precluded. The Board's decision in this regard was correct.

B) *Estoppel/Equitable Tolling*

It follows from the foregoing that the Act's appellate procedures do not provide for equitable principles such as estoppel or tolling since the jurisdictional requirements are mandatory. Cf., Virgin Islands Conservation Society, Slip. Op. at 5, (pending motion for reconsideration before Board does not toll appeal time to the District Court). The time for appeal simply may not be expanded. Id. at 6 (citing Rawlings v. Gov't Employees' Service Com'n, 20 V.I. 224 (D.V.I. 1983), aff'd without published opinion, 735 F.2d 1350 (3d Cir. 1984) (table)). Cf., Smith v. Evans, 853 F.2d 155, No. 87/3761, Slip. Op. at 6 (3d Cir. July 21, 1988) (untimely Rule 59(e) motion in district court cannot toll time for filing notice of appeal).

For example, in Pomper, 836 F.2d at 132, the petitioners filed for review in the District Court 29 days after a decision of the Virgin Islands Employment Security Agency. The notice they received from the agency stated that they had 30 days in which to appeal. Unfortunately, the statute at issue required it to be filed within 15 days. The Circuit noted that despite the fact that fault for the petitioners' failure to timely appeal was to be laid at the door of the agency which supplied the erroneous form, the District Court did not have jurisdiction. Id. at 132–34.

Similarly here, it matters not whether the LaVallee interests were disappointed recipients of a promise to be informed of CZM's action, for such events cannot expand the Board's jurisdiction. Thus, it is of no consequence that the Board failed to make findings of fact in this regard.

Secondly, the jurisdictional requirements of the Act preclude application of equitable tolling principles. For example, in Virgin Islands Conservation Society, it was of no effect that the petitioner

---

[12] Reference to the procedures the Act mandates for transmittal of notice of Board decisions is of no aid to us here. Although 12 V.I.C. § 914(c) requires such notice to be mailed to the applicant and others, the notice does not affect the time for appeal to this Court. This is so because 12 V.I.C. § 913(d) requires an appeal to us to be made within 45 days of the date the Board's decision becomes final, and section 914(d) makes a Board decision final four working days after its issuance. See Virgin Islands Conservation Society, Slip. Op. at 5–6. A similar procedure is not at work here because 12 V.I.C. § 910(d)(5) only finalizes CZM's actions after 45 days absent a timely appeal to the Board. The legislature would do well to reconsider this confusing scenario.

was erroneously led to believe that a motion for reconsideration before the Board tolled the appeal time to this Court. Slip. Op. at 7–8.

■ Three cases cited by petitioners are completely inopposite. In Bowen v. City of New York, 476 U.S. 467, 106 S. Ct. 2082 (1986); Honda v. Clarke, 386 U.S. 484 (1966), and Burnett v. New York Central Railroad Co., 380 U.S. 424 (1964), the Court dealth with limitations periods that were *not* jurisdictional, but rather statute[s] of limitations.[13] In fact, we have been referred to no cases which apply equitable principles to a jurisdictional limitation period. Thus, we find no error in the Board's conclusion that equitable principles of estoppel and tolling are unavailable to the petitioners.

C) *Due Process*

The Board's decision is silent with respect to the petitioners' due process claim. It follows from our discussion so far, however, that the Act puts no reliance upon written notification with respect to the running of the appeal time.

Nevertheless, we will proceed to address the issue of whether the Act is procedurally or substantively infirm on its face or by application here for we may dispose of those issues quickly. The Revised Organic Act, 48 U.S.C.A. § 1561 provides in relevant part that "[N]o law shall be enacted in the Virgin Islands which shall deprive any person of ... property without due process of law ...."

The threshold issue we are to consider in deciding whether § 1561 has been violated in this regard is whether the petitioners maintain a property interest protected by the due process clause. If they do not, our inquiry ends. See e.g., Fusco v. State of Connecticut, 815 F.2d 201 (2d Cir. 1987), cert. denied, 484 U.S. 849, 108 S.Ct. 149 (1988).

In Fusco, the Second Circuit rejected a similar contention as we face here. The plaintiffs there challenged a Connecticut statute which did not provide actual notice of hearings pending before that

---

[13] The petitioners' reliance on ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 107 S. Ct. 2360 (1987) is also misplaced. That case dealt with whether an administrative motion for reconsideration tolled the appeal time for purposes of the Hobbs act. Id. at 2368–69. The issue of whether a motion for reconsideration removes finality of an order for purposes of appeal is not implicated here. Since pursuant to § 910(d)(5), CZM's actions are not final until 45 days therefrom absent an appeal. Certainly petitioners' declaratory judgment action in this Court cannot be said to be akin to a motion for reconsideration before CZM. But even if it is, the action was filed more than 45 days of the CZM's decision.

state's zoning commission. 815 F.2d at 204. Specifically at issue was a provision of the Connecticut statute allowing abutting landowners of the land subject to the zoning, and other nonowning aggrieved persons, to appeal decisions of the Connecticut Zoning Commission. Id. at 204, n.3. The court wrote:

> We must reject plaintiffs' contentions. The opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning commission and zoning board of appeal is purely procedural and does not give rise to an independent interest protected by the fourteenth amendment.

Id. at 205–06 (citations omitted).

■ Likewise here, the petitioners' right to appeal CZM's action is purely procedural, and does not give rise to a property interest. The LaVallee interests, therefore, are not protected by the due process clause with respect to the land in question since they have shown no interest in that property, or any other property which is affected by CZM's September 17, 1987 decision. It is for this reason that both their procedural and substantive due process claims fail. This is no need for further discussion or briefing.

### III. CONCLUSION

■ We conclude that an aggrieved party must appeal a decision of CZM to grant or deny a permit within forty-five days from the date of CZM's action. This jurisdictional prerequisite is mandatory and is not subject to equitable relief. The Board properly concluded that the present petitioners' failed to meet this burden. Moreover, the petitioners have no constitutionally protected property interest upon which to challenge the Act's alleged procedural or substantive deficiencies. Thus, we have no choice but to affirm the Board of Land Use Appeals' dismissal of the petitioners' appeal.[14]

---

[14] Since the petitioners do not press an equal protection claim as they did in LaVallee I, we do not reach that issue. But even assuming they did, such claim is without merit.