MEMORANDUM
 

 BARTLE, District Judge.
 

 Plaintiff Atlantic Adjustment Co. (“Atlantic Adjustment”) brings this mandamus action pursuant to 28 U.S.C. § 1361. It requests this court to order the Wage and Hour Division of the Department of Labor (the ‘Wage and Hour Division”) to accept plaintiffs administrative appeal of a civil monetary penalty assessment. Before the court is the motion of the Wage and Hour Division to dismiss plaintiffs complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. It maintains that the appeal was filed too late under applicable regulations.
 
 See
 
 29 C.F.R. §§ 580.6(a), 580.8(c).
 

 When considering a motion to dismiss pursuant to Rule 12(b)(6), the court may rely upon the allegations in the complaint, as well as exhibits attached to the complaint.
 
 Pension Benefits Guar. Corp. v. White Consol. Indus.,
 
 998 F.2d 1192, 1196 (3d Cir.1993),
 
 cert. denied,
 
 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). All well-pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the non-movant.
 
 See Hishon v. King & Spalding,
 
 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). We draw any reasonable inferences from the allegations in plaintiffs favor.
 
 See Oshiver v. Levin, Fishbein, Sedran & Berman,
 
 38 F.3d 1380, 1391 (3d Cir.1994). A complaint should be dismissed only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.
 
 See Hishon,
 
 467 U.S. at 73,104 S.Ct. 2229.
 
 [1]
 

 According to the complaint and its exhibits, the Wage and Hour Division issued a civil monetary penalty assessment against Atlantic Adjustment for violations of the child labor provisions of the Fair Labor Standards Act arising out of the tragic death of a teenage boy who had been working at one of its work sites.
 
 See
 
 29 U.S.C. §§ 212, 216(e). On September 29, 1999, an investigator for. the Wage and Hour Division hand-delivered a copy of the assessment to plaintiff, together with a copy of the regulations which included the time limits for appealing the penalty to an administrative law judge. On the same day, the Occupational Safety and Health Administration (“OSHA”) within the Department of Labor also issued a separate, independent citation involving the same incident.
 

 A few days later on October 6, Atlantic Adjustment, represented by its president, office manager, and attorney, met with OSHA officials “in connection with the citation delivered by OSHA.” (Compl.116.) At the meeting, OSHA representatives commented that the matter had been carefully reviewed before the citations by the Wage and Hour Division and by OSHA had been issued. Domenick Salvatore, the assistant area director for OSHA, also addressed the appeal procedure by which Atlantic Adjustment could seek further review of the penalties. According to the complaint, Salvatore represented that “the [Labor] Department” did not count weekend and holidays in determining the date an appeal is due.
 
 [2]
 
 Following Salvatore’s instructions, plaintiff filed exceptions to both the OSHA and Wage and Hour Divisions cita
 
 *629
 
 tions on Monday, October 18, 1999. The next day, however, the Wage and Hour Division notified Atlantic Adjustment by letter that it had failed to file a timely exception and that the determination of the Wage and Hour Division was final and unappealable. The Wage and Hour Division maintained that the 15 day deadline for filing the exception was October 14, 1999, since the penalty assessment was delivered to plaintiff on September 29.
 

 Title 28 U.S.C. § 1361 provides: “the district courts shall have original jurisdiction of any action in the nature of mandamus to compel ... any agency [of the United States] to perform a duty owed to the plaintiff.” 28 U.S.C. § 1361. A writ of mandamus is a “drastic” remedy “to be invoked only in extraordinary situations.”
 
 Allied Chem. Corp. v. Daiflon, Inc.,
 
 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). It is well established that a writ of mandamus will issue “only if the defendant owes [plaintiff] a clear, nondiscretionary duty,”
 
 Harmon Cove Condominium Ass’n, Inc. v. Marsh,
 
 815 F.2d 949, 951 (3d Cir.1987)(quoting
 
 Heckler v. Ringer,
 
 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)), or where the government agency exercised discretion in a manner “contrary to law and so plainly prohibited as to be free from doubt.”
 
 Naporano Metal and Iron Co. v. Secretary of Labor,
 
 529 F.2d 537, 542 (3d Cir.1976). A plaintiff must also allege that he has a clear right to the mandamus relief requested.
 
 See Aerosource, Inc. v. Slater,
 
 142 F.3d 572, 582 (3d Cir.1998).
 

 The pertinent Wage and Hour Division regulation states:
 

 [Plaintiffs] exceptions ... must be received no later than 15 days after the date of the receipt of the notice [of the Division’s determination of penalties]. No additional time shall be added where service of the determination of penalties or of the exception thereto is made by mail.
 

 29 C.F.R. §§ 580.6(a);
 
 see
 
 29 U.S.C. § 216(e). The Wage and Hour Division argues, as noted above, that the time limit for filing an administrative appeal is 15 calendar days, including holidays and weekends, except, of course, where the final day is a weekend or holiday.
 
 [3]
 
 The plaintiff concedes that its appeal was filed late. Nonetheless, it seeks to be excused from missing the deadline because it properly relied on and complied with the representation of Salvatore, an official in the Department of Labor. In effect, plaintiff is invoking the doctrine of equitable estop-pel against the government.
 

 Equitable estoppel is appropriate where the “defendant has actively misled the plaintiff respecting the plaintiffs cause of action ... [or] where the plaintiff in some extraordinary way has been prevented from asserting [its] rights.”
 
 Oshiver v. Levin, Fishbein, Sedran & Berman,
 
 38 F.3d 1380, 1387 (3d Cir.1994). The Supreme Court, however, has reiterated that the doctrine is severely limited, if applicable at all, to the federal government.
 
 See OPM v. Richmond,
 
 496 U.S. 414, 110 S.Ct. 2465, 2469-71, 110 L.Ed.2d 387 (1990).
 
 [4]
 

 
 *630
 
 In
 
 Heckler v. Community Health Services,
 
 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), the defendant sought to invoke estoppel against the government so as to prevent it from recovering certain Medicare funds that defendant had spent in reliance on a government official’s incorrect interpretation of certain regulations. The Supreme Court rejected the defense. It stated:
 

 When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.
 

 Heckler,
 
 467 U.S. at 60, 104 S.Ct. 2218 (footnotes omitted). The Court made it clear that the government cannot insure that “every bit of informal advice given by its agents ... will be sufficiently reliable.”
 
 Id.
 
 at 64, 104 S.Ct. 2218. In finding lack of reasonable reliance, it noted that the advice was oral and did not have the indi-cia of thought and trustworthiness that is more likely to accompany a writing. The Court further explained:
 

 In sum, the regulations governing the cost reimbursement provisions of Medicare should and did put respondent on ample notice of the care with which its cost reports must be prepared, and the care which would be taken to review them within the relevant 3-year period. Yet respondent prepared those reports on the basis of an oral policy judgment by an official who, it should have known, was not in the business of making policy. That is not the kind of reasonable reliance that would even give rise to an estoppel against a private party. It therefore cannot estop the Government.
 

 Heckler,
 
 467 U.S. at 65-66, 104 S.Ct. 2218.
 

 The Supreme Court has spoken more recently on this subject in
 
 OPM v. Richmond,
 
 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). There, a government employee gave respondent both erroneous oral advice and incorrect written information which resulted in a loss of disability payments for six months. Respondent sued to recover his loss, claiming the government was estopped from denying him those benefits. The Supreme Court rejected this argument. It held that the government can never be estopped when a party is seeking a payment from the U.S. Treasury. Although refusing to decide that the government can never be estopped in other situations, it was critical of the lower courts which have seemed to lower the bar in this regard. It pointed out not so subtly, “we have reversed every finding of estoppel that we have reviewed.”
 
 Id.
 
 at 422, 110 S.Ct. 2465.
 

 Our Court of Appeals’ decision in
 
 Pamper v. Thompson,
 
 836 F.2d 131 (3d Cir. 1987) is also instructive. In that case, a party filed out of time its appeal to the District Court of a decision by the Virgin Islands Employment Security Agency. The appeal was late because the Agency’s Notice of Decision erroneously stated in bold letters on a preprinted form that the party had 30 days to appeal when the statute clearly provided only 15 days. While recognizing the harshness of its holding, the Court of Appeals concluded that the district court, even under these circumstances, had no jurisdiction to hear the appeal.
 

 Plaintiffs only contact with the Wage and Hour Division representative occurred when the investigator hand delivered the penalty assessment and the regulations on September 29, 1999. Plaintiff does not allege that the investigator made any false or ambiguous representations. On the contrary, he provided plaintiff with a copy of the regulations which properly explained the time requirements for any appeal. Any incorrect information came from Mr. Salvatore of OSHA, not from the Wage and Hour Division.
 

 Even if Mr. Salvatore were deemed to be speaking for the Wage and Hour Divi
 
 *631
 
 sion, plaintiff could not under the case law have reasonably or justifiably relied on what he said. Mr. Salvatore’s comments were oral, not in writing. By the time his comments were made, plaintiff had received a copy of the regulations accurately stating the deadline for an appeal. Most significantly, plaintiff was represented by counsel before the deadline passed. Assuming that there are extraordinary situations where the government may be es-topped, this surely is not one of them.
 

 Accepting all of plaintiffs factual allegations as true, plaintiff has not stated a claim in the nature of mandamus. No governmental official is alleged to have failed to perform a strict ministerial duty.
 
 See Ringer,
 
 466 U.S. at 616-17, 104 S.Ct. 2013. Nor has any governmental official allegedly acted so contrary to law as to allow us to grant relief.
 
 See Naporano,
 
 529 F.2d at 542. Accordingly, we will grant the motion of the Wage and Hour Division of the Department of Labor to dismiss the complaint for failure to state a claim upon which relief can be granted.
 

 [1]
 

 . Defendant alternatively seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. However, it has not argued this issue or cited any supporting cases in its brief.
 

 [2]
 

 . OSHA regulations provide in part, “notice of intention to contest shall be postmarked within 15 working days of the receipt by the employer of the notice of proposed penalty.” 29 C.F.R. § 1903.17(a). The regulations also state that review shall not be taken by any court or agency unless filed "within 15 working days from the date of receipt of such notice.” 29 C.F.R. § 1903.15(a).
 

 [3]
 

 . The Wage and Hour Division regulations concerning the computation of the 15 day period state in relevant part, "Time will be computed beginning with the day following the action and includes the last day of the period unless it is a Saturday, Sunday, or federally-observed holiday, in which case the time period includes the next business day.” 29 C.F.R. § 580.8(c).
 

 [4]
 

 . In
 
 Oshiver,
 
 the Court of Appeals for the Third Circuit addressed a claim for equitable tolling. The court noted, however, that " 'eq-uilable estoppel’ appears to be the same, in all important respects, as our 'equitable tolling' insofar as our 'equitable tolling’ excuses a late filling where such tardiness results from active deception on the part of the defendant.”
 
 Oshiver,
 
 38 F.3d at 1389 n. 7. Plaintiff in this case does not specifically identify whether it seeks relief under equitable tolling or equitable estoppel principles, but its allegations clearly assert that the Wage and Hour Division "actively misled” it concerning the date its exception was due.