

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Mezini v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mezini v. Atty Gen USA" (2005). *2005 Decisions.* Paper 868.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/868

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 04-3001

_____

ASLLAN I. MEZINI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,*
Respondent

*(Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.)

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A95-356-281)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005

Before: SLOVITER, McKEE, Circuit Judges, and FULLAM, District Judge*

(Filed:   July 12, 2005)

_____

OPINION

_____

_____

*   Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
    District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Asllan I. Mezini, a native and citizen of Albania, seeks review of a final order issued by the Board of Immigration Appeals ("BIA") on June 4, 2004, denying his Motion to Reopen and Reconsider the BIA's September 22, 2003, decision to sustain the government's appeal of the Immigration Judge's ("IJ's") grant of asylum. This court has jurisdiction pursuant to 8 U.S.C. § 1252. For the reasons stated below, we will deny the Petition for Review.

## I.

Because the parties are familiar with the factual and procedural background of this case, we refer only to those facts that are pertinent to our disposition. Mezini entered the United States as a nonimmigrant visitor on or around March 16, 2001, with authorization to remain for a period not to exceed six months. In October, he applied for asylum. He was interviewed by an INS[1] asylum officer who placed him in removal proceedings. At the subsequent immigration hearing on July 31, 2002, Mezini conceded the charge of removability, but renewed his application for asylum.

---

[1] Effective March 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the Bureau of Citizenship and Immigration Services within the Department of Homeland Security. The BIA remains within the Department of Justice. Homeland Security Act of 2002, 6 U.S.C. §§ 271, 291.

2

In support of his application, Mezini testified that his godfather, an uncle, a cousin's spouse, and two friends were all killed by the Albanian government over a span of more than fifty years. He recounted his own experiences with the Albanian secret police, and his fear of persecution if removed to Albania. Mezini also testified that both of his parents had been granted asylum in the United States, and his sister had been granted withholding of removal. Although his father and sister were both available to testify at the hearing, only Mezini testified.

The IJ issued an oral decision on August 28, 2002, finding Mezini's testimony credible and granted him asylum. Less than a month later, the government filed a Notice of Appeal with the BIA, arguing that the IJ's decision was "arbitrary, capricious, and an abuse of discretion," made without any corroborating evidence, and that Mezini had not met his burden of proof to establish eligibility for asylum. The government also argued that the IJ improperly relied on facts not found in the record.[2]

The government requested, and received, an extension to file its brief. One day after the deadline, the government submitted a brief along with a Motion to Consider Late Filed Appellate Brief. The BIA denied the motion, returned the brief, and refused to consider any additional motions to accept the late filed brief. Nevertheless, the

_____

[2] The IJ partially relied on the movie The Hunt for Red October to overcome Mezini's lack of corroborating evidence and deficiencies in testimony.

government filed a Motion to Reconsider Decision not to Accept Late Filed Appellate Brief, along with said brief. That same day, in light of the government's failure to submit a timely brief, Mezini filed a letter with the BIA stating his intent to rely on the IJ's decision instead of submitting a brief.

On September 22, 2003, the BIA sustained the government's appeal, vacated the IJ's opinion, and ordered Mezini's removal. Mezini did not appeal that order but instead filed a timely Motion to Reopen and Reconsider, arguing that he was not given an opportunity to present a full case or submit a brief to the BIA. He offered previously unpresented evidence, including a statement from his father and a 1988 arrest declaration. However, Mezini admitted in the accompanying affidavit that his father had been available to testify, and the arrest declaration had been available at the time of the hearing as well. Thus the BIA rejected Mezini's Motion to Reopen and Reconsider on June 4, 2004, noting that he had an opportunity to present additional evidence but chose not to do so, despite the government's stated intent to appeal. Moreover, Mezini chose to rely upon the IJ's decision when he could have submitted a brief. This appeal followed.

## II.

Because INS decisions involve foreign relations issues, the reasons for giving deference to agency decisions apply with greater force in the immigration context. INS v. Abudu, 485 U.S. 94, 110 (1988). This is even more applicable in the deportation context because delays work in favor of the alien who "wishes merely to remain in the

4

United States." INS v. Doherty, 502 U.S. 314, 323 (1992). Thus, a decision by the BIA

to deny a motion to reopen or reconsider is reviewed for abuse of discretion, regardless

of the underlying basis for the request, and will only be disturbed if it is "'arbitrary,

irrational, or contrary to law.'" Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005)

(quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Finally, the court reviews

de novo its own jurisdiction. Nugent v. Ashcroft, 367 F.3d 162, 165 (3d Cir. 2004).

### III.

Under 8 C.F.R. § 1003.2(b), a motion to reconsider must "specify[] the errors of

fact or law in the prior Board decision and shall be supported by pertinent authority." A

motion to reopen is granted when "the evidence sought to be offered is material and was

not available and could not have been discovered or presented at the former hearing." 8

C.F.R. § 1003.2(c).

Mezini's brief suggests that the court reviews discretionary decisions by the BIA

de novo, but offers no authority to support this contention. Nor have we found any

authority to support this claim. Because of his reliance on the more lenient standard of

review, much of Mezini's brief is devoted to arguing that the IJ's decision was "fair and

correct as a matter of fact and law" rather than showing that the BIA abused its discretion.

Br. for Pet'r at 14.

However, even if Mezini did argue that the BIA abused its discretion, this court

would not reverse the BIA's ruling. In order for this court to disturb the BIA's decision

5

to deny the Motion to Reconsider, Mezini must show that the BIA made a decision that was "arbitrary, irrational, or contrary to law." Guo, 386 F.3d at 562. But as the BIA noted, Mezini's attorney completed his questioning and did not present additional evidence or testimony. Mezini also chose to rely on the IJ's decision even though he had time and opportunity to submit a brief to rebut the issues raised in the government's notice of appeal.

When the BIA denies a motion to reopen, it does so on one of three grounds: (1) failure to establish a prima facie case; (2) failure to introduce previously available, material evidence that would justify reopening; or (3) if discretionary relief[3] is sought, the BIA determines that the movant would not be entitled to relief even if he met both requirements. Abudu, 485 U.S. at 104-05. In this case, the BIA denied the motion because Mezini failed to introduce previously unavailable, material evidence.

In an affidavit in support of the Motion to Reopen, Mezini conceded that although additional evidence[4] was available at the time of the hearing, he was unable to present it "due to exceptional circumstances." App. at 18. The BIA rejected this justification based on Mezini's own admission that the evidence was not new. Moreover, other than the statement and the arrest declaration, neither Mezini's nor his lawyer's affidavits contained

---

[3] Discretionary relief includes asylum, suspension of deportation, and adjustment of status. Abudu, 485 U.S. at 104-05.

[4] An arrest declaration from 1988, and a statement from his father.

any new material evidence.

Because the court reviews the BIA's decision to deny a motion to reopen and reconsider under the deferential abuse of discretion standard, and Mezini failed to show that the BIA's decision was "arbitrary, irrational, or contrary to law," we will reject the Petition for Review.

**IV.**

Mezini's final argument challenges the merits of the BIA's September 22, 2003, decision directing his removal. Under 8 U.S.C. § 1252(b)(1), a petition for review of a final order of removal must be filed within thirty days of the date of the order. This deadline is mandatory and jurisdictional. See Pomper v. Thompson, 836 F.2d 131, 132-33 (3d Cir. 1987) (per curiam). Moreover, it cannot be tolled by a motion to the BIA to reopen and reconsider. See Stone v. INS, 514 U.S. 386, 395 (1995). Because Mezini filed a Motion to Reopen and Reconsider instead of a Petition for Review to this court, Mezini's challenge to the removal order is untimely and we may not consider the merits of the argument.

**V.**

For the above reasons, Mezini's Petition for Review will be denied.

_____